BPI SYSTEMS, INC., BPI Services, Inc., Plaintiffs,

v.

William A. LEITH, Transamerican Business System, Inc., and Tabs, Inc., Defendants.

No. A–81–CA–46.

United States District Court, W. D. Texas, San Antonio Division.

July 9, 1981.

---

Paul J. Van Osselaer, Clark, Thomas, Winters & Shapiro, Austin, Tex., for plaintiffs.

Ray Fisher, Fisher, Ashby & Morris, Austin, Tex., for defendants.

## MEMORANDUM OPINION FOR ORDER GRANTING PRELIMINARY INJUNCTION

GARCIA, District Judge.

At issue before the Court is Plaintiff's application for a preliminary injunc-

tion to enjoin Defendant from infringing Plaintiff's copyright in certain computer programs, from using certain alleged trade secrets acquired from Plaintiff by Defendant and from passing off Defendant's products as being those of Plaintiff. To obtain a preliminary injunction, the applicant must prove: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party; and (4) that granting the injunction will not disserve the public interest. *Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). With these prerequisites in mind; the Court is of the opinion the preliminary injunction should be, for the most part, GRANTED.

The evidence established that Plaintiff develops and publishes computer software for small computers. The Commodore Computer Company requested that Plaintiff produce for it an accounts receivable system which Plaintiff agreed to do. The entire system and its programs are copyrighted, which copyright is registered with the copyright office. Defendant was hired by Plaintiff to produce twelve programs. This work was performed at Defendant's place of business on his own computers. He was paid per program and no social security or income tax was deducted from his pay. Although Plaintiff could accept or reject the final product, it had no right to control the manner of the work performed by Defendant. To aid him in the project, Plaintiff supplied him with certain internal, confidential documents which were not available to the public. Subsequently, Defendant produced his own computer software programs which allegedly contain the Plaintiff's copyrighted material. Randy Ferguson testified that, other than a few changes, Plaintiff's Commodore system and Defendant's account receivable system were almost identical. The Defendant's system even contained Plaintiff's name. Defendant also incorporated into his other systems several routines (e.g. keyboard routine, I/O routine, stop/go/quit routine) which were developed and copyrighted by Plaintiff and were part

of its copyrighted program. No permission was given to Defendant to use these routines. Also without permission, Defendant used the internal, secret documents of Plaintiff in the preparation of his own system. The user's manuals for Defendant's systems also contain Plaintiff's name. Several pages of Defendant's manuals are identical to pages in Plaintiff's. The Defendant testified that he knew the work he was doing was for Plaintiff's system, and was not a joint venture.

 The requirement that Plaintiff establish likelihood of success on the merits leads to a determination of whether the work performed by Defendant for Plaintiff was "work made for hire." After reviewing Section 101 of the revised Copyright Act, the Court is of the opinion that it was not. Defendant was not an employee of Plaintiff acting within the scope of his employment. The work he did was specially ordered and commissioned but there was no written agreement that the work was "work made for hire." Since the Court is unconvinced of a substantial likelihood of Plaintiff's success on the merits as to these twelve programs, Defendant will not be enjoined as to these. As to his use of any other copyrighted programs of Plaintiff or as to the keyboard, I/O, or stop/go/quit routines, developed by Plaintiff for Plaintiff's programs, including the twelve made by Defendant, the injunction will be granted. There is a substantial threat of irreparable injury since Defendant will, if not enjoined, use Plaintiff's copyrighted material for his own profit and the furtherance of his reputation, misleading the public as to the authorship and sponsorship. The injunction will, thus, not disserve the public interest. The threatened injury to Plaintiff's profits and reputation outweigh the threatened harm the injunction will have on Defendant. The Defendant will not be barred from producing and selling any software system but only, those which incorporate Plaintiff's copyrighted material referred to above.

Concerning the allegation that Defendant wrongfully appropriated trade secrets, the Court is of the opinion that Plaintiff's remedy therefor is not preempted by the Copyright Act since the material allegedly improperly used was not copyrighted. The information (Exhibit 6) qualifies as a trade secret as that term is defined by the Restatement of Torts Section 757 and *Hyde Corp. v. Huffines*, 158 Tex. 566, 314 S.W.2d 763 (1958).

The information was disclosed to Defendant in confidence and gave him an advantage over those without the information. Pending the trial of this cause, Defendant will be restrained from using any of the information in Exhibit 6.

Since Plaintiff has objected to Defendants use of its name and has established by the deposition of John Lay that a confusion as to the sponsorship of the product exists, Defendant will be further enjoined from using Plaintiff's name in any way in the distribution of his own systems. Although Defendant has agreed to do this, the injunction will issue to assure the misrepresentation will not reoccur. Further the confusion caused by the strong similarity in screen display must also be corrected, especially in light of the other similarities in the systems.