**W.L. RAYBORN, Plaintiff-Appellant,**

v.

**MISSISSIPPI STATE BOARD OF DENTAL EXAMINERS, et al., Defendants-Appellees.**

No. 85–4114.

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1985.

Kitchens & Pickard, Jim Kitchens, Hazlehurst, Miss., Foss, Schuman, Drake & Barnard, Sheldon Gardner, Chicago, Ill., for plaintiff-appellant.

William Larry Latham and Mark A. Chinn, Jackson, Miss., for defendants-appellees.

Before CLARK, Chief Judge, BROWN and GEE, Circuit Judges.

OPINION

CLARK, Chief Judge:

W.L. Rayborn appeals the district court's grant of summary judgment, 601 F.Supp. 537, in favor of the defendants, the Mississippi State Board of Dental Examiners. Finding no genuine issue of material fact, we affirm.

W.L. Rayborn describes himself as a denturist—a person other than a dentist (usually a technician) who engages in the practice of the denture phase of prosthodontics. He takes oral impressions of the mouth and then constructs, fits and places dentures. This practice by one not a licensed dentist is prohibited by the Mississippi Dental Practices Act, Miss.Code Ann. § 73–9–41 (Supp.1983).

Rayborn first became cognizant of the proscription against denturism in 1970 when he was prosecuted and fined for prac-

ticing denturism. In 1977 a Mississippi Chancery Court entered a temporary injunction against his practices. Rayborn responded by filing a cross-bill of complaint against the Mississippi State Board of Dental Examiners. He claimed that the Mississippi Dental Practice Act was unconstitutional because it deprived denturists of the right to practice their chosen profession. After a full hearing the Chancery Court granted the temporary injunction and rejected Rayborn's allegations. Rayborn appealed this decision to the Mississippi Supreme Court which affirmed the Chancery Court's decision without opinion. *Rayborn v. State,* 368 So.2d 227 (Miss.1979).

Rayborn continued the practice of denturism even though he was threatened with a contempt citation in 1978 and he was cited for contempt in 1981. At that time Rayborn and four other denturists brought this action against the Dental Board and its individual members claiming that the Mississippi Dental Practices Act is unconstitutional based on 42 U.S.C. §§ 1983 and 1985(c). The district court granted the defendants' motion for summary judgment. Only Rayborn filed a notice of appeal.

I

Rayborn contends that the district court improperly granted the Mississippi State Board of Dental Examiners' motion for summary judgment. The purpose of a motion for summary judgment is to test the intrinsic merits of the case and to determine prior to trial whether any factual controversy is presented. *Gossett v. DU-RA-KEL Corp.,* 569 F.2d 869 (5th Cir.1978). A grant of summary judgment is appropriate only where it appears from the pleadings, depositions, admissions, answers to interrogatories and affidavits that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Williams v. Shell Oil Co.,* 677 F.2d 506, 509 (5th Cir.), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 933 (1982). The Federal Rules of Civil Procedure require the moving party to demonstrate that there is no genuine issue as to any material fact. If this burden is met, the opposing party must aver specific facts showing that there is a genuine issue for trial. *Cole v. Elliott Equipment Corp.,* 653 F.2d 1031 (5th Cir.1981). In reviewing the district court's grant of summary judgment, we must view the evidence in the light most favorable to the party against whom judgment is sought. *Prinzi v. Keydril Co.,* 738 F.2d 707 (5th Cir.1984).

Summary judgment must be granted with care, but in cases where there is no genuine issue of fact it is appropriate, indeed demanded, by the Federal Rules of Civil Procedure and the efficient administration of justice. A review of the record in this case reveals a total lack of any significant evidence supportive of Rayborn's contention that a genuine issue of material fact exists.

Rayborn presented no evidence to support a finding that the actions of the Mississippi legislature in passing the Mississippi Dental Practices Act were irrational. Rayborn merely asserts, without stating facts that establish his claim, that the prohibition against denturism contained within the Act is not rationally related to the state's legitimate goal of protecting the health, safety and welfare of the public. "Such conclusions are not probative evidence in a summary judgment proceeding." *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111 (5th Cir.1978).

No evidence in the record indicates that the actions of the Mississippi legislature were irrational or that even raise the question of the rationality of the Mississippi legislature's action. Under these circumstances, the district court did not err in rendering summary judgment for the appellees.

II

Notwithstanding the absence of a genuine issue of material fact, Rayborn contends that he is entitled to a hearing under the precedent of *England v. Louisiana State Board of Medical Examiners,* 263 F.2d 661 (5th Cir.1959). In *England,* the

court overruled a dismissal on the pleadings and held that the chiropractor plaintiffs were entitled to a day in court to prove that the chiropractic profession is so useful that chiropractors could not be constitutionally excluded from its practice by a Louisiana statute similar to the one at issue in this case. *Id.* at 665. Rayborn takes the position that summary judgment is simply inappropriate here because this is an *England* type case.

The right to a hearing under *England* does not exist in light of today's summary judgment rule. When the original *England* case was decided it was decided on the pleadings. It was not a summary judgment. At that time, Fed.R.Civ.P. 56 had not been amended to provide that a party could not rely on his pleadings to supply the facts he needed to make out a case that would withstand summary judgment. In 1963 Rule 56 was amended to require that a party seeking to resist summary judgment must file affidavits which constitute admissible evidence to show that a genuine issue of material fact exists.

Nothing in the affidavits filed by Rayborn attacks the constitutionality of the Mississippi Dental Practices Act. Rayborn insists that he can present relevant evidence demonstrating that the prohibition against denturism has no rational relationship to the purpose of the legislation if he is granted a hearing. This tender is not sufficient to show that summary judgment was improper, however, because a party opposing summary judgment may not choose to wait until trial to factually develop his claims. *Golden Oil Co., Inc. v. Exxon Co., U.S.A.,* 543 F.2d 548 (5th Cir. 1976).

### III

■ Rayborn also contends that the district court improperly granted the Dental Board's motion for summary judgment with regard to the conspiracy he alleged under 42 U.S.C. § 1985. This argument is without merit. Section 1985 does not reach economic or commercially-motivated conspiracies. The conspiracy must be race-based to state a cause of action for violation of § 1985. *United Brotherhood of*

*Carpenters and Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). Rayborn concedes that the alleged conspiracy in this case was not the result of racial bias. Accordingly, the district court was correct in granting the appellees' motion for summary judgment on this issue.

### IV

■ At oral argument in this court counsel for Rayborn stated for the first time his intention to assert a pendent claim of conspiracy under Mississippi law. His pleadings were not framed in such a way as to put the court or the opposing party on notice of such a pendent claim. Instead, Rayborn complained only of a conspiracy to deprive plaintiff denturists of "the equal protection of the laws and of the equal privileges and immunities under the laws." We will not entertain an argument raised for the first time on appeal. Claims so raised are generally not reviewable by this court unless they involve purely legal issues and refusal to consider them would result in grave injustice. *Self v. Blackburn,* 751 F.2d 789 (5th Cir.1985).

The judgment appealed from is

AFFIRMED.