**SOUTHERN MISSISSIPPI PLANNING & DEVELOPMENT DIST., INC., Plaintiff,**

v.

**John ROBERTSON and Delta Computer Systems, Inc., Defendants.**

**DELTA COMPUTER SYSTEMS, INC., Plaintiff in Counterclaim,**

v.

**SOUTHERN MISSISSIPPI PLANNING & DEVELOPMENT DISTRICT, INC., Keith Tolar and Les Newcomb, Defendants in Counterclaim.**

**Civ. A. No. S85–0121(NG).**

United States District Court, S.D. Mississippi, S.D.

March 25, 1986.

Norman Breland, Gulfport, Miss., Thomas S. Keaty, Betty J. James, David M. Kelly, New Orleans, La., for plaintiff and counterdefendants.

Cynthia B. Somervill, Deborah L. Taylor, Richard P. Decker, Frederick L. Cooper, III, Atlanta, Ga., Jimmy D. McGuire, Gulfport, Miss., for defendants and counter-plaintiffs.

## MEMORANDUM OPINION

GEX, District Judge.

This matter is before the Court on the Motion of Counter-defendants Les Newcomb and Keith Tolar, "for dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure".

Plaintiff, a "non-profit corporation in Mississippi formed for the purpose of civic improvement and the economic development of fifteen counties in South Mississippi"[1] instituted this action for a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure seeking an adjudication of non-infringement and ownership of the copyright registrations here in controversy. Defendants and Counterclaimants whose "principal business involves the sale of computers and related equipment together with the creation of computer software programs and related written documentary materials and services",[2] counterclaimed against the plaintiff and the above named individual Counter-defendants alleging, (1) breach of contract; (2) fraud and deceit; (3) conversion of trade secrets; and, (4) copyright infringement; Defendants' Answer denied Counterclaimants' asserted right of ownership. Counterclaimants' Motion to add Mr. Newcomb and Mr. Tolar as additional parties was granted by Order of this Court on June 5, 1985.

■ The Court must treat this Motion as one for summary judgment since it has considered matters outside the pleadings in ruling on the individual Counter-defendants' Motion to Dismiss. Rule 12(b), Federal Rules of Civil Procedure; *Murray v. Gelderman*, 566 F.2d 1307 (5th Cir.1978). A grant of summary judgment is appropriate only when it appears from the pleadings, depositions, admissions, answers to interrogatories and affidavits that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure; *Rayborn v. Mississippi State Board of Dental Examiners*, 776 F.2d 530 (5th Cir.1985). The purpose of the Motion for Summary Judgment is to test the intrinsic merits of the case and to determine prior to trial whether any factual controversy is presented. *Gossett v. DU–RA–KEL Corporation*, 569 F.2d 869 (5th Cir.1978). Summary judgment is permitted, however, only when "the underlying facts are undisputed, and the record reveals no evidence from which reasonable persons might draw conflicting inferences about these facts". *Prinzi v. Keydril Company*, 738 F.2d 707 (5th Cir. 1984). An analysis of the propriety of the individual Counter-defendants' Motion for Summary Judgment on each of the four counts contained in the Counterclaim follows.

### A. Count I: Claim for Breach of Contract

Counterclaimants aver that in the fall of 1981 they orally agreed with Counter-defendants to create and develop for use by Counter-defendants "certain custom developed applications software involving fund accounting, tax assessment and other related functions, together with the necessary training and documentation materials".[3] Counterclaimants contend that the parties to the contract understood that the relatively low fee to be collected by the Counter-defendants for the software development project reflected their retention of all proprietary ownership rights associated with the trade secrets, know-how, copy-

1. Plaintiff's Complaint, page 1.

2. Answer and Counterclaim, page 4.

3. Answer and Counterclaim, page 6.

rights, etc., created in the development of the subject source codes and user's manuals. Subsequently, Counterclaimants presented to Counter-defendants a written contract which contained a licensing provision consistent with this understanding but the document was never executed by both parties. Counterclaimants assert their status as an independent contractor throughout their performance of the work assignment which was allegedly completed on or about December, 1983.

The first count of the Counterclaim alleges that "SMPDD (Southern Mississippi Planning and Development District) has breached the agreement with Delta (Delta Computer Systems, Inc.) in that SMPDD has (1) allowed third parties to use the software without a written sub-license; (2) copied the software for other than backup purposes; (3) modified the software without the required written consent of Delta; (4) removed trade secrets and copyright notices from the software source code; (5) failed to take reasonable steps to protect Delta's proprietary rights in the software; and, (6) attempted to sell or license the software without the written consent of Delta".[4]

Counterclaimants concede that Count I does not allege that either Newcomb or Tolar is liable for breach of contract. Accordingly, summary judgment on this count should be granted for the individual Counter-defendants.

### B. Count II: Claim for Fraud and Deceit

■ Counterclaimants allege that both the corporate Counter-defendant and the individual Counter-defendants committed "fraud and deceit" upon Delta in that they entered into Counterclaimants' version of the agreement but with the undisclosed intention to claim ownership rights to the software for a price significantly less than the price which would have been charged if Delta had intended to sell said rights. Counterclaimants allegedly relied to its detriment on Plaintiff's representation. (See

*Martin v. Winfield,* 455 So.2d 762 [Miss. 1984] for elements of the claim of fraud.)

The individual Counter-defendants base their defense on language in the Counterclaim which states that "SMPDD, through its authorized personnel, Keith Tolar and Les Newcomb, represented to Delta that it acknowledged Delta's ownership of the proprietary rights in the software".[5] Tolar and Newcomb contend that Counterclaimants have alleged no acts by either of them individually, only actions taken within the scope of their employment with the Plaintiff. They rely on established Mississippi law that the master is responsible for the torts of its servants only when they are committed within the scope of his employment. *Odier v. Sumrall,* 353 So.2d 1370 (Miss.1978).

The Court is of the opinion that the doctrine of respondeat superior does not serve to absolve Newcomb and/or Tolar from liability for any alleged wrongdoings simply because they were acting within the scope of their employment. The rule of law which states that an employee may be held individually accountable for his torts was endorsed by the Court's decision in *Mims v. Frady,* 461 F.Supp. 736 (N.D.Miss. 1978). There the Court held that the Mississippi rule of law fixed liability for the Plaintiff's loss on a commission salesman found guilty of fraud, notwithstanding the salesman's agency relationship with the seller. The Court quoted with favor the following passage from 3 Am.Jur.2d, *Agency,* Sec. 300 (1962):

> In accordance with these principles, an agent or other employee, merely because of his relationship as an agent or an employee, or because of the additional fact that he has acted at the direction or command of his employer, cannot escape or exempt himself from liability to a third person for his own negligence or his own positive wrongs, such as a trespass, an assault, the *conversion of property, fraud or misrepresentation,* defamation, or other form of tortious conduct. (Emphasis supplied)

---

**4.** Answer and Counterclaim, pages 9–10.

**5.** Answer and Counterclaim, page 11.

The Court is of the opinion that the second count in the Counterclaim alleges sufficient facts to state a cause of action for fraud against the individual Counter-defendants. The Court declines, therefore, to grant summary judgment on this second count of the Counterclaim.

### C. Count III: Claim for Conversion of Trade Secrets

The third count in the Countercliam alleges, in pertinent part, that "SMPDD, by and through the actions of Defendants Keith Tolar and Les Newcomb, in violation of the agreement, intentionally, willfully, wantonly, and in complete disregard of the ownership rights of Delta, wrongfully converted to the use of SMPDD for purposes of financial gain, Delta's proprietary trade secrets ...".[6]

Mississippi law characterizes the tort of conversion as resulting from conduct intended to affect property. "Conversion requires an intent to exercise dominion or control over the goods inconsistent with the true owner's rights." *Masonite Corporation v. Williamson*, 404 So.2d 565 (Miss. 1981).

Newcomb and Tolar again advance the doctrine of respondeat superior in support of their motion for summary judgment on this count, but the Court likewise finds this contention to be without merit and fails to exonerate them from any possible liability for conversion of trade secrets.

Plaintiff also raises in its answer to Defendants' Amended Answer and Counterclaim the defense of preemption pursuant to 17 U.S.C. Sec. 301. The scope of federal preemption of state law by the Copyright Act of 1976 is prescribed by that statute itself. In Sec. 301(b), the Act provides:

Nothing in this title annuls or limits any rights or remedies under the common law or statutes of any state with respect to ... (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by sec. 106.

An analysis of the interest secured by copyright and trade secret law demonstrates that the claims are not "equivalent" as intended by the Congress. Copyright protection extends not to an idea itself but rather to the particular expression used by its author. In contrast, the protection provided by the common law of trade secret misappropriation extends to the very ideas of the author, subject, of course, to the requirement that the idea has some originality and is as of yet undisclosed or disclosed only on the basis of confidentiality. *Warrington Associates, Inc., v. Real-Time Engineering Systems, Inc.*, 522 F.Supp. 367 (N.D.Ill.1981). The House Committee Report which comprises part of the legislative history of the Copyright Act states:

The evolving common law rights of "privacy," "publicity," and trade secrets, ... would remain unaffected so long as the causes of action contain elements such as an invasion of personal rights or a breach of trust or confidentiality....

House of Rep. No. 94–1476, 94th Congress, 2d Sess. 132 (1976), *reprinted in* 5 U.S.C. Cong. & Admin.News at 5659, 5748 (1976). Also see *B.P.I. Systems, Inc., v. Leith*, 532 F.Supp. 208 (W.D.Tex.1981).

The Court having found that the doctrine of respondeat superior does not exempt Tolar and Newcomb from any possible liability for conversion of trade secrets, and the Court, having determined that the Copyright Act does not preempt Counterclaimants' common law tort claim finds, that the individual Counter-defendants' Motion for Summary Judgment on this third count should be denied.

### D. Count IV: Claim for Copyright Infringement

The fourth count of Counterclaimants's Counterclaim alleges that the corporate Counter-defendant and the individual Counter-defendants infringed upon Delta's alleged copyright in the subject computer software and user's manuals.[7]

6. Answer and Counterclaim, page 12.

7. The individual Counter-defendants cite the absence of any language in Count IV of the Counterclaim which alleges any individual acts of

■ 17 U.S.C., Sec. 501 provides in pertinent part:

Sec. 501. Infringement of Copyright

(a) Anyone who violates any of the exclusive rights of the copyright owner ... is an infringer of the copyright.

Copyright infringement is shown by proof of "ownership" of copyrighted material by the Plaintiff and proof of "copying" by the Defendant. *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365 (5th Cir.1981). "Ownership" of copyrighted material, in turn, is shown by proof of originality, copyrightability, and compliance with applicable statutory formalities. "Copying" is shown by proof of access to the copyrighted material and substantial similarity between the two works. *Id* at 1375.

Tolar and Newcomb base their motion for summary judgment on this count on the fact that they are salaried employees of SMPDD, have no direct financial interest in SMPDD, and that their actions which gave rise to the Counterclaimants' claims against them were carried out within the scope of their employment with the Plaintiff. Affidavits from each individual which substantiate this representation have been filed by the movant in support of the instant motion.

Tolar's affidavit states that although he is neither an officer nor director of SMPDD, he was hired by the company in January of 1984 as Director of Computer Services and presently occupies that position.

Newcomb's affidavit also acknowledged that he is neither an officer nor director of SMPDD, but does state that he was hired by the company in February of 1967 as Deputy Director and in 1968 he became Executive Director of SMPDD. Counterclaimants' response to the instant motion cites deposition testimony by Newcomb which confirms that he possesses sole responsibility to supervise the ongoing operations of SMPDD.

■ Copyright infringement has been characterized as being in the nature of a tort, for which all who participate in the infringement are jointly and severally liable. Further, the doctrine of respondeat superior applies to copyright infringement by the servant acting within the scope of his employment. *Sygma Photo News, Inc. v. High Society Magazine, Inc.*, 596 F.Supp. 28 (S.D.N.Y.1984).

■ The law imposes equal liability on "contributory" infringers as it does with direct infringers of copyright. A contributory infringer is one who, with knowledge of or reason to know of the infringing activity of another, induces, causes or materially contributes to the infringing conduct of another. *Gershwin Publishing Corporation v. Columbia Artists Management, Inc.*, 443 F.2d 1159 (2d Cir.1971); *RSO Records, Inc. v. Peri*, 596 F.Supp 849 (S.D.N.Y.1984); *Columbia Pictures Industries v. Redd Horne, Inc.*, 749 F.2d 154 (3rd Cir.1984). Vicarious liability may be imposed when an individual has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities. *Aitken, Hazen, Hoffman, Etc. v. Empire Construction Co.*, 542 F.Supp. 252 (D.C.Neb.1982). A person who promotes or induces the infringing acts of another is jointly and severally liable as a vicarious infringer even without knowledge

copyright infringement taken by Newcomb and/or Tolar. This Court, by Status Conference Order filed August 2, 1985, ordered that the joinder of parties or amendments to the pleadings should be accomplished on or before July 26, 1985. Although Counterclaimants' Motion for Leave to Amend and Supplement its Counterclaim was granted by Agreed Order filed July 1, 1985, with the Amendment and Supplement to Counterclaim filed with this Court on the 15th of that month, no permission from the Court was requested or received concerning Counterclaimants' September 11, 1985, filing of its Amendment to Counterclaim, in which

Count IV was sought to be amended by the addition of allegations of individual acts of copyright infringement on the part of Tolar and Newcomb. Since no leave of the Court was sought by Counterclaimants for the filing of this untimely pleading, Counterclaimants' Amendment to the Counterclaim is hereby stricken from the record for the purposes of this action. Inasmuch as Count IV of the Counterclaim incorporates by reference the preceding paragraphs, the Court deems, however, that sufficient individual acts of copyright infringement have been alleged to survive Tolar and Newcomb's specific objection here.

of the infringement. *F.E.L. Publications v. National Conference, Etc.*, 466 F.Supp. 1034 (N.D.Ill.1978).

In view of the foregoing authorities and the present state of the record, it is the Court's view that the individual Counter-defendants are not entitled to summary judgment as a matter of law on this count. To dismiss Tolar and Newcomb in their individual capacities would, at this juncture of the proceedings, be premature. The individual Counter-defendants' assertion of the doctrine of respondeat superior again does not excuse them in their individual capacities for any alleged wrongful infringing activity committed by them in the scope of their employment. Accordingly, the Court denies their Motion for Summary Judgment on this count.

An Order consistent with the findings of this Memorandum Opinion shall be entered by the Court.