**Grady GRAY, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY and Greater Bethlehem Temple & Associates, Defendants.**

**Civ. A. No. J85–1122(W).**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 21, 1986.

Isaac K. Byrd, Jr., James W. Craig, Jackson, Miss., for plaintiff.

Richard T. Lawrence, Watkins & Eager, Jackson, Miss., for United States Fidelity & Guaranty.

John L. Walker, Jr., Jackson, Miss., for Greater Bethlehem Temple & Associates.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

This cause came on to be heard by this Court on the Motions to Dismiss filed by the defendants, Greater Bethlehem Temple & Associates ("Bethlehem") and United States Fidelity and Guaranty ("USF & G"). The gravamen of defendants' contentions is that removal of this lawsuit from state court under 28 U.S.C. § 1441 was proper since plaintiff's complaint fails to state a cause of action against defendant Bethlehem, the nondiverse party.

Also before this Court is plaintiff's motion to amend its complaint to allege an independent tort against defendant Bethlehem.

Having thoroughly reviewed the briefs and arguments of respective counsel, this Court is of the opinion that defendants' motion to dismiss Bethlehem should be granted, and plaintiff's motion should be denied.

## BACKGROUND

Plaintiff filed this action alleging that defendants failed to increase the policy limits on his home and thereafter failed to indemnify plaintiff at the increased value when his house burned on January 1, 1984. Plaintiff is a resident citizen of Hinds County, Mississippi. Defendant Bethlehem is a resident corporation of the State of Mississippi whose principal place of business is located in Hinds County, Mississippi. Bethlehem is in the business of soliciting insurance business for and is an agent of defendant United States Fidelity and Guaranty ("USF & G"). Defendant USF & G is a Maryland corporation duly qualified to do business in the State of Mississippi.

This cause was originally filed in the Circuit Court of Hinds County, Mississippi. Defendant USF & G removed the action to this Court pursuant to 28 U.S.C. § 1441 and asserts that there is complete diversity between USF & G and plaintiff. USF & G further contends that defendant Bethlehem was fraudulently joined for the purpose of defeating diversity. Specifically, USF & G contends that plaintiff's complaint states no cause of action against Bethlehem under Mississippi law inasmuch as Bethlehem was acting as an agent of its disclosed principal USF & G and was not a party to the contract between plaintiff and USF & G.

Upon plaintiff's motion to remand this action to state court, the Magistrate entered an order denying plaintiff's motion without dismissing the non-diverse defendant Bethlehem. No appeal of the Magistrate's ruling was made by plaintiff. Subsequently, Bethlehem filed its motion to dismiss/summary judgment, and plaintiff filed a motion to amend his complaint. Consequently, this Court is compelled to address the propriety of removal and make a jurisdictional determination regarding the action before the Court. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981); *see also, Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344 (5th Cir. 1985).

### REMOVAL

██ Whether a case is properly removed is determined by reference to the allegations in a plaintiff's state court complaint. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939); *Tedder v. F.M.C. Corporation*, 590 F.2d 115, 116 (5th Cir.1979). If plaintiff's complaint does not give rise to an arguably reasonable basis for predicting that state law might impose liability on the non-diverse defendant under the facts alleged, the Fifth Circuit has held that the claim is deemed fraudulent, and lack of diversity will not prevent removal. *Tedder, supra*, at 117; *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176–77 (5th Cir. 1968). Accordingly, in *Parks v. New York Times Company*, 308 F.2d 474 (5th Cir. 1962), *cert. denied* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964), the Court stated: "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged." *Id.* at 478. More recently, the Fifth Circuit provided guidance for the determination of fraudulent joinder:

> If, having assumed all of the facts set forth by plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find there is *no possibility* of a valid cause of action being set forth against the in-state defend-

ant(s), only then can it be said that there has been a "fraudulent joinder." *Tedder v. F.M.C. Corporation, supra; Keating v. Shell Chemical Company, supra*, at 332 [610 F.2d 328 (5th Cir.1980)]. However, if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state court. *Parks v. New York Times Company, supra; Bobby Jones Garden Apartments v. Suleski, supra; Keating v. Shell Chemical Company, supra*, at 333.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir.1981); *see also, Green v. Amerada Hess Corp.*, 707 F.2d 201 (5th Cir.1983).

### AGENCY—MISSISSIPPI LAW

██ Under Mississippi law, the general rule is that an agent for a disclosed principal incurs no liability for a breach of duty or a contract perpetrated by its disclosed principal and a third party. *See, Progressive Casualty Ins. Co. v. Keys*, 317 So.2d 396 (Miss. 1975); *Wood v. Mississippi Power Co.*, 146 So.2d 546, 551 (Miss. 1962); *Shemper v. Hancock Bank*, 40 So.2d 742, 744 (Miss. 1949); *Ketcham v. Mississippi Outdoor Display*, 33 So.2d 300, 301 (Miss. 1948); *see also*, Miss. Code Ann. § 83–21–27 (1972). Bound by *Erie*, the district courts have accordingly held that an agent of a disclosed principal, acting within the authority of his agency, will not be personally liable where a third party brings an action for a breach of contract against the principal. *Cone Mills Corp. v. Hurdle*, 369 F.Supp. 426 (N.D.Miss.1974); *Webbs v. Culberson, Heller & Norton, Inc.*, 357 F.Supp. 923 (N.D.Miss.1973); *Chipman v. Lollar*, 304 F.Supp. 440 (N.D.Miss.1969). Exceptions to this general rule have been made where plaintiff has made allegations which establish a separate and independent

tort against the agent. *Simpson v. M–P Enterprises, Inc.,* 252 So.2d 202, 207 (Miss. 1971); *Pittman v. Home Indemnity,* 411 So.2d 87 (Miss. 1982).

## THE COMPLAINT

 Inasmuch as it is a fundamental principle in the federal courts that subject matter jurisdiction must be determined by looking to the complaint as it existed at the time that the petition for removal was filed, *In Re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980), it is proper for this Court to "pierce the pleadings" of the plaintiff to determine if the joinder was fraudulent. In other words, this Court ventures to see whether under any set of facts alleged in the petition, a claim against defendant Bethlehem can be asserted under Mississippi law. *Keating v. Shell Chemical Co., supra,* at 331.

In the case *sub judice,* plaintiff's complaint generally alleges and seeks damages from both defendants for breach of contract, gross negligence, and bad faith handling of a claim filed under a policy of fire insurance with defendant USF & G. The plaintiff's complaint alleges that Bethlehem is an "agent, servant and employee" of USF & G. It also alleges that "the defendant insurance company had agreed and contracted to pay to plaintiff the amount of the requested increased coverage." The complaint does not, however, establish even a semblance of an independent claim against Bethlehem aside from its acts as an agent of USF & G.

## CONCLUSION

This Court is of the opinion that plaintiff's complaint, as it existed at the time that the petition for removal was filed, failed under Mississippi law to establish the possibility of a valid cause of action against defendant Bethlehem Temple & Associates. The Court thus finds that defendant Bethlehem's motion to dismiss should be granted pursuant to Rule 12(b)(6).

The Court further finds that in view of required dismissal of Bethlehem under Rule 12(b)(6) for fraudulent joinder plaintiff's motion to amend lacks a jurisdictional base. Accordingly, plaintiff's motion to amend should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Bethlehem's motion to dismiss plaintiff's action as against Bethlehem Temple & Associates is hereby granted.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiff's motion to amend his complaint is hereby denied.