**Howard Dale WHEELER, Plaintiff,**

**v.**

**FRITO–LAY, INC. and Carl D. Siler, Defendants.**

**Civ. A. No. W90–0042(B).**

United States District Court, S.D. Mississippi, W.D.

Sept. 5, 1990.

W. Joseph Kerley, Jackson, Miss., for plaintiff.

Leland S. Smith III, McCoy, Wilkins, Stephens & Tipton, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure on the Application of the Plaintiff to Review the Order of the United States Magistrate denying the Plaintiff's Motion to remand the case to the Circuit Court of Hinds County, Mississippi. Plaintiff has also moved this Court to Remand the case to the Circuit Court of Hinds County, Mississippi, and for an Award of Sanctions and Costs Associated with the Removal Proceedings. The Defendants have responded to the Motions, and the Court, having considered the Motions together with memoranda of authorities and attachments thereto, is of the opinion that the ruling of the Magistrate is clearly erroneous and contrary to law. Accordingly, the Motion of the Plaintiff to remand the case to the Circuit Court of Hinds County, Mississippi is well taken and should be granted, and the Order of the Magistrate should be reversed.

## FACTS

Plaintiff, a Mississippi resident, seeks to recover damages which he allegedly sustained in a collision between his automobile and a truck driven by Defendant Siler, also a Mississippi resident, and owned by Defendant Frito–Lay, a non-resident corporation. Frito–Lay does not dispute that Siler was acting within the scope of his employment at the time of the accident. The complaint alleges that Defendant Siler's negligence was a proximate cause of the injury to Plaintiff and that Defendant Frito–Lay is liable for the acts of its employee Siler under the doctrine of respondeat superior. Plaintiff's complaint prays for a joint and several judgment against both Defendants.

Defendants Frito–Lay and Siler filed a notice of removal to federal court from the Hinds County, Mississippi Circuit Court, alleging that Siler had been fraudulently joined in the suit since the complaint asked for a joint and several judgment against both Defendants and did not ask for an individual judgment against Siler. Plaintiff filed a motion to remand for lack of complete diversity. The Magistrate denied Plaintiff's motion to remand to state court.

## THE STANDARD FOR REMOVAL TO FEDERAL COURT

Where removal of an action from state to federal court is sought, the party seeking removal must establish a basis for federal jurisdiction. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, the removal of cases in which the federal court may have had origi-

nal jurisdiction on the basis of diversity of citizenship is subject to limitation, and

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim ... [of diversity of citizenship] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Thus, for removal to be proper in this case, it must be established that Siler was a fraudulently joined defendant so that his presence does not defeat diversity of citizenship jurisdiction or bring the limitation of § 1441(b) into play.

■ In establishing that a defendant to the action has been fraudulently joined, the removing party must show that there has been fraud in the pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a claim against the allegedly improper party in a state court proceeding. *B., Inc.,* 663 F.2d at 549. There is no allegation in the instant case that Plaintiff is guilty of fraudulently pleading jurisdictional facts. Therefore, this action was properly removed to federal court only if Plaintiff would not be able to establish a claim against Defendant Siler in a state court action.

■ Whether a case is removable, and implicitly whether it states a cognizable claim against a defendant, is determined by reference to the allegations made in the original pleadings. *See Tedder v. F.M.C. Corporation,* 590 F.2d 115, 116 (5th Cir. 1979); *Gray v. United States Fidelity & Guaranty,* 646 F.Supp. 27, 29 (S.D.Miss. 1986). The court must then evaluate those allegations in the light most favorable to the party opposing removal, resolving all contested issues of fact and law in favor of that party. *B., Inc.,* 663 F.2d at 549. *See also Bobby Jones Garden Apartments v. Suleski,* 391 F.2d 172, 177 (5th Cir.1968); *Howard v. General Motors Corp.,* 287 F.Supp. 646, 648 (N.D.Miss.1968).

In determining if the facts alleged by the pleadings set forth a cognizable claim against the allegedly improper party, the United States Court of Appeals for the Fifth Circuit has set forth the following standard:

> If, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find that there is no possibility of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a "fraudulent joinder." However, if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court may find that the in-state defendants have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts.

*B., Inc.,* 663 F.2d at 550 (citations omitted). Thus, applying the above standard, this court must determine whether Plaintiff has stated a claim, recognized under the laws of Mississippi, against Defendant Siler.

### THE MISSISSIPPI LAW OF RESPONDEAT SUPERIOR

Defendant Frito–Lay asserts that, because Plaintiff has cast his claim in terms of the employer-employee relationship, the doctrine of respondeat superior, and has asked for a joint and several judgment against both Defendants, Siler would not be held individually liable for any of the complained of acts and has therefore been fraudulently joined in the complaint in order to defeat diversity.

■ Under the mandate of *Erie,* the substantive law to be applied in this case is that of Mississippi. The law of Mississippi does impute to the employer the negligence of an employee if such acts occur within the scope of employment. *Sugg v. Hendrix,* 153 F.2d 240, 243 (5th Cir.1946). Where such employee negligence is imputed to the employer under the doctrine of respondeat superior, the employer may be held liable. *Granquist v. Crystal Springs Lumber Co.,* 190 Miss. 572, 1 So.2d 216, 218 (1941). However, the fact that a judg-

ment may be entered against an employer does not absolve the employee of liability for his acts; rather, the doctrine of respondeat superior operates to establish a joint and several liability between both the employer and the employee. *Granquist*, 1 So.2d at 218. While the liability of an employee under respondeat superior may not be individual in the sense that the employee is the only party responsible for the payment of any judgment, the employee nevertheless remains liable for the total amount of any judgment, though such liability will be joint and several with his employer.

In *Southern Mississippi Planning & Development District v. Robertson*, 660 F.Supp. 1057 (S.D.Miss.1986), the court considered whether the doctrine of respondeat superior absolved corporate employees of liability for allegedly tortious conduct that took place within the scope of their employment. Noting that "an agent or other employee, merely because of this relationship as an agent or an employee, or because of the additional fact that he has acted at the direction or command of his employer, cannot escape or exonerate himself from liability to a third person for his own negligence," the court concluded that employees remain individually liable for torts of their own commission despite the fact that employers may also become primarily liable through respondeat superior. *Southern Mississippi Planning & Development District*, 660 F.Supp. at 1060 (citing *Mims v. Frady*, 461 F.Supp. 736, 740 (N.D.Miss. 1978)). *See also Dew v. Illinois Central Gulf RR. Co.*, 621 F.Supp. 153, 155 (S.D. Miss.1985) (Noting that, where employer and employee were joined as defendants and it was not clear that allegedly negligent employee would be totally absolved from liability, court could not conclude that there was no possibility that Plaintiff had a claim against defendant employee and fraudulent joinder had therefore not been proved).

Under the rationale expressed in these cases, the Court cannot conclude that Plaintiff would be unable to assert a claim for relief against Defendant Siler in a state court proceeding merely on the basis of the respondeat superior doctrine. While that doctrine may be used to establish liability on the part of the employer, it does not operate to relieve the employee of liability, and thus, Plaintiff may be able to obtain relief against Defendant Siler in addition to any relief that may be obtained against Defendant Frito–Lay.

Defendant Frito–Lay has asserted that the laws of agency pertaining to acts of a disclosed principal should be applied in this case. Defendant relies on the case of *Gray v. United States Fidelity & Guaranty*, *supra*, wherein the court considered the propriety of removal in a suit brought by a Mississippi resident against a nonresident insurance corporation and its Mississippi agent for breach of contract, gross negligence, and bad faith handling of a claim. Noting that an agent for a disclosed principal incurs no personal liability for a breach of duty or contract between the disclosed principal and a third party, the court found that no cause of action had been stated against an agent where the third party had brought a suit for breach of contract and there were no allegations that the agent acted outside of the scope of his agency. *Gray*, 646 F.Supp. at 29. However, where a third party was able to establish separate, tortious conduct by the agent, the agent could be held personally liable. *Id.* at 29–30. Since the agent was not a party to the insurance contract in question, and since the complaint did not allege any tortious acts by the agent outside of the scope of his employment, no claim for relief had been stated against the agent and removal of the case to federal court was proper. *Id.* at 30.

The facts of *Gray* are distinguishable from the facts of the instant case and therefore preclude this Court from applying the rationale of that decision. The *Gray* suit involved claims that rely on a contractual relationship between the parties: breach of contract, bad faith performance of contractual duties, and grossly negligent performance of contractual duties. In the context of contractual duties, the "disclosed principal" rule does apply, and the agent does not incur personal liability

to third parties for acts within the scope of his employment. Conversely, the instant case deals with a tort allegedly committed by the employee. Defendant Siler will remain personally liable for such tortious conduct even if it occurred within the scope of his employment. The application of respondeat superior does not alter this result.

In light of the above cited authority, this Court finds that there is a possibility that a state court could determine that a cause of action has been stated against Defendant Siler. Therefore, he has not been fraudulently joined in this suit. Because Defendant Siler is a proper party to this suit, complete diversity does not exist between Plaintiff and all Defendants, and this Court is without jurisdiction to hear the case. Accordingly, this cause will be remanded to the Circuit Court for the First Judicial District of Hinds County, Mississippi for further proceedings.

### AWARD OF COSTS AND ATTORNEY'S FEES

■ Plaintiff has asked this Court for an award of costs and attorneys' fees associated with the removal proceedings pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), which provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."

This Court cannot find that the conduct of the Defendant or Defendant's counsel in the removal of this case to federal court did not constitute a good faith argument for the extension of existing law. An award of attorney's fees and costs is denied.

IT IS THEREFORE ORDERED that the Order of the Magistrate Denying Plaintiff's Motion to Remand be reversed, the Motion of the Plaintiff for Remand to State Court be granted, and the Motion of Plaintiff for an Award of Attorney's Fees and Costs Associated with the Removal be denied.

IT IS FURTHER ORDERED that this cause be remanded to the Circuit Court for the First Judicial District of Hinds County, Mississippi for further proceedings.

SO ORDERED.