Lillian WINCE Plaintiff

v.

**WAL–MART STORES, INC. Defendant**

**No. CIV.A. 3:04–CV–294BN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

June 8, 2005.

Gerald P. Collier, Stamps & Stamps, Jackson, MS, for Plaintiff.

Edley H. Jones, III, The Law Offices of Edley H. Jones, III, PLLC, Ridgeland, MS, for Defendant.

### *OPINION AND ORDER*

BARBOUR, District Judge.

Before the Court are two motions. The first is the Motion of Plaintiff Lillian Wince to Remand, filed May 19, 2003. The second is the Motion of Plaintiff to Amend Case Management Order, filed that same day. Having considered the Motions, Responses, attachments to each and supporting and opposing authority, the Court finds that the Motion to Remand is not well taken and that it should be denied. The Court further finds that the Motion to Amend Case Management Order is not well taken and that it should be denied.

### I.  Factual and Procedural Background

On October 24, 2003, Plaintiff filed this action in the Circuit Court of the First Judicial District of Hinds County, Mississippi.[1] Plaintiff seeks "actual, compensatory, punitive damages, in the amount of $75,000.00 plus pre-judgment and post-judgment interest, attorney's fees, all cost [sic] accrued in this action, and all other relief which the Court or jury deems just and appropriate." Complaint, attached as Exhibit "A" to Motion to Remand, p. 4. Defendant removed the case to this Court on April 13, 2004, arguing that Plaintiff sought an amount in excess of the amount in controversy requirement for federal jurisdictional purposes. There is diversity of citizenship in this action, as Plaintiff is a resident of Mississippi, and Defendant is a non-resident corporation. The only issue in this cause is whether the amount in controversy requirement is met.

Plaintiff filed the subject Motion to Remand on May 19, 2003. This Motion to Remand was filed one day prior to the day on which Plaintiff's Response to Defendant's Motion for Summary Judgment, filed April 21, 2005, was due. *See* docket entry nos. 10 & 12. Also on May 19, 2003, Plaintiff filed a Motion to Stay Defendant's Motion for Summary Judgment and to Amend the Case Management Order. The Motion to Stay Defendant's Motion for Summary Judgment was granted on that same day, pursuant to Rule 16.1(B)(2)(b) of the Uniform Local Rules of the Northern and Southern Districts of Mississippi. *See*

---

1.  The facts surrounding Plaintiff's grievances are irrelevant to this Opinion and Order, and hence are not set forth.

docket entry no. 15(staying the Motion for Summary Judgment until resolution of the Motion to Remand). However, Plaintiff's Motion to Amend the Case Management Order is still outstanding. In that Motion, Plaintiff seeks additional time to conduct additional discovery so that he may better respond to the Motion for Summary Judgment that is still outstanding, should this Court deny the Motion to Remand and hence terminate the stay of this action. The Motion to Remand and the Motion to Amend Case Management Order are now ripe for consideration.

## II. Legal Standard

Defendant removed this case to this Court based on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1) states "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between(1) citizens of different states...." All parties agree that Plaintiff and Defendant are citizens of different states. However, Plaintiff alleges that the required amount in controversy, damages in excess of $75,000, is not met.

■■■ 28 U.S.C. § 1441(a) provides in relevant part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The removing party bears the burden of establishing federal jurisdiction." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (citation omitted). Whether a case is removable must be determined by reference to the allegations made in the original pleadings. *Wheeler v. Frito–Lay, Inc.*, 743 F.Supp. 483, 485 (S.D.Miss.1990).

When referring to the original pleadings, the United States Court of Appeals for the Fifth Circuit has noted that there are two general factual backgrounds to an amount in controversy determination. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). In the first, a complaint explicitly states the amount of damages a plaintiff seeks. *Id.* In the second, a complaint neglects to explicitly state the amount of damages a plaintiff seeks. *Id.* A court must first determine which factual background applies, because "different standards of proof apply depending upon whether the complaint alleges a dollar amount of damages." *Id.*

■■■ As to the first factual background, which is the situation that applies in this instance, where a plaintiff pleads a certain amount of damages, that amount controls if made in good faith. *Allen*, at 1335(citing *St. Paul Mercury v. Red Cab*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). To demonstrate that a plaintiff has not pled in good faith, the defendant must come forward with evidence to demonstrate that the amount of damages pled by plaintiff is incorrect. *See Allen*, 63 F.3d at 1335. The standard to which the evidence must conform depends upon whether the plaintiff pled an amount over or under the jurisdictional amount in controversy. *Id.* at 1335 n. 14. Where a complaint seeks more than the jurisdictional amount, that amount will control unless "it [can be demonstrated] to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, at 1335. Where, as here, a complaint seeks less than the jurisdictional amount, that will control unless "a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* at 1335 n. 14. If the defendant meets this burden, removal is considered proper "unless the plaintiff

shows that at the time of removal he was legally certain not be able to recover that amount." *Id.*

### III. Analysis

■ Defendant has met its burden of proving by a preponderance of the evidence that Plaintiff seeks an amount in damages in excess of $75,000.00. As noted above, Plaintiff seeks "actual, compensatory, punitive damages, in the amount of $75,000.00 plus pre-judgment and post-judgment interest, attorney's fees, all cost [sic] accrued in this action, and all other relief which the Court or jury deems just and appropriate." Complaint, attached as Exhibit "A" to Motion to Remand, p. 4.

■ In spite of the foregoing request, Plaintiff argues that the amount in controversy requirement has not been met because "Plaintiff, Lillian Wince, by and through counsel, stipulates that she is not seeking damages in excess of $75,000.00 in the above captioned cause." Stipulation, attached as Exhibit "C" to Motion to Remand. While Plaintiff may be correct that she does not seek more than $75,000.00 *in damages*, damages are not all that is included when calculating the amount in controversy. Rather, if a party may recover attorney's fees, those fees are also to be included in the amount in controversy determination. *E.g., H & D Tire and Auto.-Hardware, Inc. v. Pitney Bowes, Inc.,* 227 F.3d 326, 330 (5th Cir.2000). Here, Plaintiff's Complaint seeks punitive damages, and under Mississippi law, where a party is entitled to punitive damages, the party may also recover attorney's fees. *E.g., Stanton & Associates v. Bryant Constr. Co.,* 464 So.2d 499, 502 (Miss.1985).

Nowhere has Plaintiff limited her damages, plus the amount in attorney's fees sought, to $75,000.00. It is only with respect to damages that Plaintiff has limited her recovery to $75,000.00. This limitation ignores the fact that Plaintiff also seeks recovery of attorney's fees. Thus, it is facially apparent that the amount in controversy requirement has been met, and the Motion to Remand is denied.

■ As to Plaintiff's Motion to Amend Case Management Order, the Case Management Order set April 6, 2005, as the deadline for discovery in this action. April 6, 2005, is a date that occurred before the filing of Defendant's Motion for Summary Judgment and Plaintiff's Motion to Remand. Hence, discovery should have been completed in the cause *before* the filing of the Motion for Summary Judgment. Plaintiff should not now, at this late date, be able to extend the time for discovery solely because Defendant filed a Motion for Summary Judgment. Plaintiff argues that additional time for discovery is needed to depose "witnesses that have not been made available for deposition to date." Motion to Stay Defendant's Motion for Summary Judgment and to Amend Case Management Order, p. 2. However, this action was pending for slightly over a year in this Court before the deadline for discovery lapsed. During that time, a review of the docket sheet reveals that Plaintiff did not file a single notice to take a deposition. Any information obtainable through deposition that would be needed to respond to the Motion for Summary Judgment should have already been obtained, at this point in time.

### IV. Conclusion

IT IS THEREFORE ORDERED that the Motion to Remand [13] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that the Motion to Amend Case Management Order [14] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Plaintiff is to respond, if at all, to the

Motion for Summary Judgment on or before June 20, 2005.