**JOHNSTON–TOMBIGBEE FURNITURE MANUFACTURING COMPANY, Plaintiff-Appellee,**

v.

**LOCAL UNION NO. 2462, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, et al., Defendants-Appellants.**

**No. 77–1102.**

United States Court of Appeals, Fifth Circuit.

June 1, 1979.

Danny E. Cupit, Jackson, Miss., James E. Youngdahl, Kenneth L. Schorr, Little Rock, Ark., for defendants-appellants.

Taylor B. Smith, Columbus, Miss., for plaintiff-appellee.

Before GEWIN, GEE and RUBIN, Circuit Judges.

GEE, Circuit Judge:

This case concerns the arbitrability of a dispute arising under a collective bargaining agreement between a furniture manufacturing company and a carpenters' union. The company discharged employee Cobb allegedly for failure and refusal to perform his duties and follow instructions. The union processed a grievance in accordance with the collective bargaining agreement, contending that Cobb was fired in violation of the management's rights clause, which provided that employees may be fired "for just cause." Failing to carry the grievance procedure, the union notified the company that it intended to take the matter to arbitration. The company, maintaining that the dispute was not arbitrable, filed suit in federal district court seeking a declaratory judgment that Cobb's discharge was not subject to arbitration and requesting an

injunction prohibiting the union from proceeding to arbitration. The union counterclaimed for an injunction requiring the company to submit the Cobb discharge to arbitration. The district court held for the company, and the union appeals.

In deciding questions of arbitrability, we are guided by the Supreme Court's decisions in the *Steelworkers* trilogy addressing the role of arbitration in labor/management disputes. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Co.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). In *Warrior & Gulf*, the Court articulated a national labor policy in favor of arbitration. While the Court recognized that arbitration is a matter of contract and that a party cannot be required to submit to arbitration any dispute that it did not agree to, the Court held that:

> An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

363 U.S. at 582–83, 80 S.Ct. at 1353.

■ Bearing in mind this strong presumption in favor of arbitrability, we turn to an interpretation of the collective bargaining agreement in this case. The agreement provides a grievance procedure for the resolution of disputes concerning "the application, interpretation or alleged violations" of the agreement. The agreement provides for arbitration of all grievances but excludes those "related in any manner to the exercise by the COMPANY of its rights of management and to any and all matters reserved to the determination and discretion of the COMPANY by the terms of the Contract, including, but not limited to, the article herein entitled 'MANAGEMENT'S RESPONSIBILITIES AND PRE-ROGATIVES' . . . ." The management's rights clause referred to contains a long list of management's responsibilities and prerogatives, including "the right to discipline, suspend, and discharge employees for just cause" and any and all other rights unless clearly limited by the explicit language of the contract. Taken together, we read these portions of the contract as excluding from arbitration all grievances related in any manner to discharges made for just cause.

■ Both parties agree that the contract imposes a "just cause" limitation on management's common-law right to discharge, that discharges are subject to the grievance procedure, and that, in the absence of an exclusionary clause, discharges would be subject to arbitration. The parties disagree, however, whether the exclusionary clause clearly and specifically excludes discharges from arbitration. The company argues that all discharges are specifically excluded from arbitration by the language of the exclusionary clause that incorporates the management's rights clause by reference. The company reads the language entirely too broadly—not all discharges are excluded from arbitration but only those discharges supported by just cause. Until an arbitrator determines whether the discharge is for just cause, the exclusionary clause does not apply.

The company's position is analogous to the position advanced by the employer and rejected by the Ninth Circuit in *Los Angeles Paper Bag Co. v. Printing Specialties & Paper Products Union*, 345 F.2d 757 (9th Cir. 1965). In that case, the contract provided that employees could be disciplined for an unauthorized strike without recourse to arbitration. The employer discharged several employees under that clause and refused to arbitrate those discharges. The Ninth Circuit noted that the employer's position of nonarbitrability was based on its unilateral determination that an unauthorized strike had occurred, when in fact the contract did not authorize the employer to make such a determination. The court concluded that the question of whether the

employees had engaged in an unauthorized strike was a proper matter for arbitration.

Similarly, in this case the company's position of nonarbitrability is based on its unilateral determination that just cause existed, when in fact the contract does not give the employer such a right to determine just cause. If the company wanted such a right, it should have attempted to negotiate such a contract. *See, e. g., Halstead & Mitchell Co. v. United Steelworkers of America,* 421 F.2d 1191 (3d Cir. 1969) (contract excluded from arbitration all management functions listed in the management's rights clause, including the sole and exclusive right to lay off employees for lack of work and the sole and exclusive right to determine the fact of lack of work).

██ The district judge's decision of nonarbitrability apparently was motivated by his concern that to require arbitration of the existence of "just cause" would render meaningless the contractual exclusion from arbitration of the company's right to discharge for just cause. That may well be, but it is not our function to construe contracts liberally in order to give effect to poorly drafted exclusionary clauses; instead, we must construe exclusionary clauses strictly in order to give effect to our national policy in favor of arbitration. Since the exclusionary clause withdraws from arbitration only those discharges that are supported by just cause, and since the exclusionary clause does not exclude from arbitration the meaning or existence of just cause, we hold that the dispute whether the Cobb discharge was supported by just cause is a proper matter for arbitration. If the presence of just cause be found, there the matter ends.

Accordingly, the judgment appealed from is reversed and the case is remanded to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED.