# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 96-60213

---

GLADYS MADISON, Guardian for
Viola Williams,

                                                        Plaintiff,

versus

VINTAGE PETROLEUM, INC., ET AL.,

                                                        Defendants.

\* \* \* \* \* \* \* \* \*

HENRY LEE WILLIAMS,

                                                        Plaintiff-Appellant,

versus

VINTAGE PETROLEUM, INC., ET AL.,

                                                        Defendants,

G.B. "BOOTS" SMITH COMPANY,

                                                        Defendant-Appellee.

---

Appeal from the United States District Court
For the Southern District of Mississippi

---

July 10, 1997

Before POLITZ, Chief Judge, KING, Circuit Judge, and FOLSOM,[*] District Judge.

POLITZ, Chief Judge:

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

Henry Lee Williams appeals a judgment granting G.B. "Boots" Smith Corporation's motion to dismiss and denying Williams's motion to remand to state court. Concluding that the district court erred in finding that Boots Smith was fraudulently joined, we vacate and remand to the district court with instructions to remand to state court.

Background

On September 9, 1993 Gladys Madison, acting as guardian of Viola Williams, filed suit in Mississippi state court against Vintage Petroleum, Inc., Placid Oil Company, and Texas International Petroleum Corporation, all of whom operated oil wells on property in which Williams held a life estate. Madison also named as a defendant Southeastern Norm Environmental, Inc., hired by Vintage Petroleum to perform an environmental audit of the property. Madison's complaint alleged that the defendant oil companies contaminated the property with naturally occurring radioactive material, referred to as NORM.

The defendants removed the case to federal court on the basis of diversity of citizenship jurisdiction, claiming that Southeastern Norm, the only non-diverse defendant, was fraudulently joined. Prior to any disposition by the district court, Madison moved to dismiss because Viola Williams died. Meanwhile Williams's son, Henry Lee, who held a remainder interest in the property, filed suit in

2

Mississippi state court alleging identical claims to those alleged by Madison in the first suit. He also named two additional non-diverse defendants, Boots Smith, a company hired by Vintage Petroleum to clean up the oil sites on the Williams's land, and Eddie Fuente, Director of the Division of Radiological Health in the Mississippi Department of Health. The defendants removed the case to federal court claiming that the non-diverse defendants were fraudulently joined.

The district court ordered that Williams be given the opportunity to proceed in his mother's lawsuit as executor of her estate. Williams chose to do so and that case was consolidated with his individual action. The district court found that all three non-diverse defendants, Southeastern Norm, Fuente, and Boots Smith, were fraudulently joined, and the court entered Fed.R.Civ.P. 54(b) judgments in favor of those defendants. Williams filed a motion for new trial and/or amendment of judgment which was denied. Thereafter, Williams filed this appeal challenging only the dismissal of Boots Smith.[1]

Analysis

1. Appellate Jurisdiction

Boots Smith contends that we lack appellate jurisdiction because Williams

---

[1] In a separate appeal Williams challenged the dismissal of Southeastern Norm and we affirmed in an unpublished opinion. **Madison v. Vintage Petroleum, Inc.**, No. 95-60573 (5th Cir. May 13, 1996). Williams has not appealed the dismissal of Fuente.

failed to file a timely notice of appeal. The district court entered a Rule 54(b) judgment in favor of Boots Smith on August 10, 1995 and Williams subsequently filed a timely motion for new trial and/or amendment of judgment. Although that motion was not labeled under a particular Federal Rule of Civil Procedure, we view it as a Rule 59(e) motion to alter or amend judgment because it questioned the correctness of the district court's judgment.[2] Fed.R.App.P. 4(a)(4)(C) provides that the time for appeal runs from the date on which the court enters an order disposing of a timely motion to alter or amend judgment under Rule 59. The district court entered an order denying Williams's motion on February 8, 1996 and within 30 days Williams appealed. The appeal is therefore timely and we have appellate jurisdiction.

2. Fraudulent Joinder

Williams contends that the district court erred in ruling that Boots Smith was fraudulently joined. The removing party bears the heavy burden of proving fraudulent joinder,[3] being required to demonstrate "that there is <u>no possibility</u> that the plaintiff would be able to establish a cause of action against the in-state

---

[2] **Harcon Barge Co. v. D & G Boat Rentals, Inc.**, 784 F.2d 665 (5th Cir.) (*en banc*), <u>cert</u>. <u>denied</u>, 479 U.S. 930 (1986).

[3] **B., Inc. v. Miller Brewing Co.**, 663 F.2d 545 (5th Cir. Unit A Dec. 1981).

4

defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."[4] In evaluating a claim of fraudulent joinder the district court must resolve all disputed factual questions and legal ambiguities in favor of the plaintiff.[5]

The primary claims alleged against Boots Smith are negligence *per se*, negligence, and trespass. The basis for Williams's negligence *per se* claim is that Boots Smith violated the Regulations for Control of Radiation in Mississippi in the course of its cleanup operation by illegally disposing of nonexempt quantities of NORM.[6] The district court held that Williams could not recover from Boots Smith as a matter of law because he did not allege that Boots Smith had knowledge of the radioactive material. The district court relied primarily on the deposition testimony of Eddie Fuente, the Mississippi official responsible for implementing the relevant regulations. Fuente stated that Boots Smith would have violated the regulations if

---

[4] **Id.** at 549 (footnote omitted) (emphasis in original).

[5] **Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.**, 99 F.3d 746 (5th Cir. 1996).

[6] See **Thomas v. McDonald**, 667 So.2d 594 (Miss. 1995) (explaining that elements of negligence *per se* under Mississippi law are: (1) violation of statute, (2) plaintiff is member of class that statute was designed to protect, (3) harm suffered by plaintiff is type of harm that statute was designed to prevent, and (4) proximate cause); **Palmer v. Anderson Infirmary Benevolent Ass'n**, 656 So.2d 790 (Miss. 1995) (applying negligence *per se* analysis where there was violation of a regulation).

5

it knew that elevated NORM levels were on the property. That statement does not preclude the possibility that a defendant with a less culpable mental state could also be in violation of the regulations. In the absence of an authoritative interpretation of the regulations, it is conceivable that a Mississippi state court could find, for example, that the regulations require only constructive knowledge or that they even impose strict liability. That is a call for the Mississippi courts.

Viewing the evidence and the pleadings in the light most favorable to Williams, it is possible that a Mississippi state court could find that Boots Smith: (1) disposed of nonexempt quantities of NORM; (2) failed to make the disposal in accordance with the regulations; and (3) should have known that the soil contained NORM contaminants because of the nature of its work. A Mississippi state court, applying a strict liability or constructive knowledge standard, therefore could find that Boots Smith violated the regulations. Accordingly, we must conclude that Williams would have a possibility of recovering for negligence *per se*.

For similar reasons we also conclude that Boots Smith failed to prove that there was no possibility that Williams could have recovered for negligence or trespass. Because a Mississippi state court could find that Boots Smith should have known about the radioactive materials, it is possible that Boots Smith breached a duty of ordinary care and/or committed an unauthorized invasion of Williams's

6

property when it allegedly disposed of NORM-contaminated soil.[7]

We conclude that the district court erred in dismissing Boots Smith and, accordingly, the district court lacked diversity jurisdiction. We VACATE the judgment entered in favor of Boots Smith and REMAND with instructions that this consolidated action be remanded to state court.

---

[7] We are not persuaded by Boots Smith's contention that because a panel of this court affirmed the dismissal of Southeastern Norm we must also find that Boots Smith was fraudulently joined. Southeastern Norm collected and analyzed soil samples, a different activity from the alleged illegal cleanup performed by Boots Smith. Thus, there is no inconsistency in the findings that Williams could possibly recover from Boots Smith but not from Southeastern Norm.