**WORLDWIDE MACHINERY SALES, INC., and Randy Braswell, Plaintiffs,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, Fidelity & Guaranty Insurance Underwriters, Inc., and Mixon and Burt Insurance Agency, Inc., Defendants.**

**Civil Action No. 3:98–cv–375WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 12, 1998.

Clifford K. Bailey, III, Wise, Carter, Child & Caraway, Jackson, MS, for Illinois Central Railroad Company.

Lawrence C. Gunn, Jr., L. Clark Hicks, Jr., Lawrence C. Gunn, Jr., Hattiesburg, MS, for Fidelity and Guaranty Insurance Underwriters, Inc.

Robert W. Brumfield, Brumfield & Austin, McComb, MS, for Mixon and Burt Insurance Agency.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the plaintiffs asking this court to remand this matter to the state court in which it originated. On June 3, 1997, plaintiffs herein, Randy Braswell ("Braswell"), a resident of Pike County, Mississippi, and Worldwide Machinery Sales, Inc., ("Worldwide"), a Mississippi corporation of which Braswell is President and sole stock holder, filed their complaint against Illinois Central Railroad Company ("ICRR") an Illinois corporation; Fidelity and Guaranty Insurance Underwriters, Inc., ("F & G"), a Wisconsin corporation; and Mixon and Burt Insurance Agency, Inc. ("Mixon and Burt"), a Mississippi corporation. In their complaint, the plaintiffs, Braswell and Worldwide, allege that ICRR negligently designed and maintained its nearby bridge over the Little Tangipahoa River in Pike County, Mississippi, causing a flood on plaintiffs' property. Plaintiffs further allege that F & G has wrongfully refused to pay plaintiffs' claims under the insurance policy in effect between plaintiffs and F & G. Finally, plaintiffs allege that Mixon and Burt negligently misrepresented the existence and extent of the F & G coverage and failed to procure for plaintiffs adequate insurance coverage for their business. Plaintiffs filed their lawsuit in state court in the Circuit Court of Pike County, Mississippi.

Subsequently, on May 28, 1998, defendants removed this lawsuit from state court to this federal court, alleging diversity of citizenship pursuant to Title 28 U.S.C. § 1332.[1] Accord-

---

Wayne Dowdy, Magnolia, MS, for Worldwide Machinery Sales, Randy Braswell.

**1.** Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States; ...

ing to defendants, all of the proper parties to this dispute have diverse citizenship. Mixon and Burt, the only non-diverse defendant, say defendants, has been fraudulently joined because, say defendants, plaintiffs have no possibility of recovery from Mixon and Burt under Mississippi law. On June 4, 1998, plaintiffs filed their motion to remand pursuant to Title 28 U.S.C. § 1447(c).[2] Defendants oppose the motion. Nevertheless, this court is persuaded to grant it for the reasons which follow.

## FACTS

The plaintiffs have an auction business in Magnolia, Mississippi, not far from the Little Tangipahoa River and ICRR's main line track, both of which run through the middle of town. ICRR's track crosses the Little Tangipahoa River approximately two miles downstream from the plaintiffs' property. On April 25–26, 1997, the plaintiffs conducted an auction which included heavy equipment and other types of vehicles and personal property. Some of the equipment that was offered for sale belonged to the plaintiffs and some of it was owned by others. The property belonging to others was consigned to the plaintiffs for the purpose of the auction. The auction ended on the night of April 26, 1997, a Saturday night. The following morning the rain came. The river rose. Plaintiffs' property, including the auctioned vehicles and equipment thereon, was flooded.

Mixon and Burt is an insurance agency in McComb, Mississippi. Mixon and Burt sold plaintiffs an insurance policy with F & G. F & G now maintains that its policy does not cover the plaintiffs' losses. In response, plaintiffs have alleged in their complaint that the F & G policy does cover plaintiffs' flood damage, but, in the alternative, assert that Mixon and Burt failed to obtain adequate insurance for the plaintiffs. The plaintiffs' Amended Complaint alleges the following about Mixon and Burt:

26. The Defendant, Mixon and Burt, breached the duty owed to the Plaintiffs by its failure to procure adequate insurance. The Defendant, Mixon and Burt, obtained a policy that failed to indemnify the Plaintiffs against risk of flooding, and failed to indemnify Plaintiffs for risks associated with its auction or consignment business, in that Plaintiffs have now been informed by Defendant, Mixon and Burt, that covered property under Plaintiffs' insurance may not include personal property owned by others.

27. The Defendant, Mixon and Burt, breached the duties owed the Plaintiffs and was negligent in the following respects:

(a) Failure to inform Plaintiffs of type and extent of insurance coverage obtained by Defendant, Mixon and Burt, for Plaintiffs in their auction and consignment business.

(b) Failure to fully advise Plaintiffs about their insurance needs.

(c) Negligent misrepresentation as to existence or extent of coverage obtained by Defendant, Mixon and Burt, for Plaintiffs.

As earlier stated, plaintiffs filed their lawsuit on June 3, 1997. Upon being served, the defendants did not seek immediately to remove this lawsuit to federal court. On May 4, 1998, the defendants deposed plaintiff Randy Braswell regarding the allegations of plaintiffs' claims against Mixon and Burt. Thereafter, pursuant to Title 28 U.S.C. § 1446(b),[3] defendants removed this case to federal court, contending that Braswell's testimony clearly shows that the plaintiffs have

---

**2.** Title 28 U.S.C. § 1447(c) provides in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filling of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**3.** Title 28 U.S.C. § 1446(b) states in pertinent part:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

See *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

no possibility of a recovery against Mixon and Burt under Mississippi law.

Defendants have the burden of proving that plaintiffs' joinder of Mixon and Burt was fraudulent. Defendants must prove that under the law and facts the plaintiffs have no possibility of establishing a cause of action against Mixon and Burt in state court, or that there has been outright fraud in the plaintiffs' pleadings of jurisdictional facts. In evaluating the factual urgings, the court resolves all questions of fact in favor of the non-removing party. The court similarly treats all ambiguities in the controlling state law in favor of the non-removing party. When considering a motion to remand, the district court is not bound by the allegations of the complaint in determining whether a cause of action has been stated against the local defendant. The court may "pierce the pleadings" and employ a summary judgment-like procedure to determine whether plaintiff has any possibility of a recovery against the non-diverse defendant. *Carriere v. Sears Roebuck & Company,* 893 F.2d 98, 100 (5th Cir.1990); *B. Inc. v. Miller Brewing Company,* 663 F.2d 545, 551 (5th Cir.1981); *Wheeler v. Frito–Lay, Inc.,* 743 F.Supp. 483, 484–85 (S.D.Miss.1990).

The parties do not dispute the law governing the relationship between an insurance agent and its principal. An insurance agent owes a duty to its principal to procure insurance policies with reasonable diligence and good faith. The duty owed is to provide the level of skill in procuring insurance reasonably expected of one in that profession. *First United Bank of Poplarville v. Reid,* 612 So.2d 1131, 1137 (Miss.1992); *Ritchie v. Smith,* 311 So.2d 642, 646 (Miss.1975); *Taylor Machine Works, Inc. v. Great American Surplus Lines Insurance Co.,* 635 So.2d 1357, 1362 (Miss.1994). In *Ritchie,* the Court expounded on this standard:

> An insurance agent owes the duty to his principal to exercise good faith and reasonable diligence to procure insurance on the best terms he can obtain, and any negligence or other breach of duty on his part which defeats the insurance he procures will render him liable for the resulting loss. In this regard, the agent must faithfully carry out the instructions given him by his principal, his duty being not merely to obtain a policy, but to obtain one which conforms to the application. Moreover, by holding himself out as being qualified to procure insurance, the agent is required to exercise the particular skill reasonably to be expected of one in that occupation, and to have adequate knowledge as to the different companies and the variety of terms available with respect to the undertaking he has assumed.

311 So.2d at 646.

What the parties dispute here is whether Braswell's deposition testimony excludes any possibility that plaintiffs could prevail on their claim against Mixon and Burt. Defendants point to a number of troubling aspects of Braswell's testimony. Braswell testified that he did not ask Mixon and Burt to provide him flood coverage; that he now acknowledges that Mixon and Burt's proposal and cover letter did not include a type of coverage referred to as an "equipment floater," which would have insured damage to property in his possession owned by others; that when he received the policy he only reviewed the coverages listed in the policy declarations and not the substantive provisions of the policy; and that the substantive body of his policy contains a provision which excludes liability coverage for "[p]roperty damage to ... personal property in the care, custody or control of the insured."

Based upon Braswell's above testimony and other such self-defeating statements, defendants contend that this testimony shows that plaintiffs have no possibility of realizing a recovery against Mixon and Burt. Plaintiffs, however, challenge this conclusion.

Plaintiffs first point to the declarations page of the insurance policy procured by Mixon and Burt which states that the plaintiffs were insured for "auctions-on premises on or rented by the insured including products and/or completed operations." According to plaintiffs, Braswell reasonably believed that based on representations by Mixon and Burt that this language insured him for all

auctioned property, including consigned property.

Further, states the plaintiffs, Braswell testified in his deposition that he had requested Burt to provide him at least $1,000,000.00 coverage to insure property owned by others which had been consigned to him. In support of this testimony, plaintiffs point to the deposition testimony of Katherine Denise Duck who stated that she had overheard conversations between Braswell and Burt. She testified that Braswell had told Burt that "... he needed insurance to cover him for anything that happened to anybody or anything that was on his property or whether it was equipment, somebody else's equipment, somebody that worked there, or just somebody that was there visiting." She testified that Burt, the insurance agent, had told Braswell "... he would work on it and get back with him." Later in the deposition, she stated that "He (Braswell) didn't have any kind of coverage that people brought their stuff in and consigned to these auctions and was responsible for their equipment, and he had to have something if something happened to the equipment or if something happened to anybody that was there on the property looking at the equipment or working there or whatever. He had to be covered."

Braswell himself testified in his deposition that Burt did not discuss any equipment floater rider with him; that he did not recall receiving a proposal containing same from Mixon and Burt; that after he instructed Burt to provide him insurance "for any kind of a claim that arises out of damage to persons or persons' property or my property or accidents or anything that can happen associated with this auction business including the products," Burt said that was no problem; and that he relied on what Burt said he needed and that's what he bought.

Furthermore, plaintiffs state that at a trial between them and Mixon and Burt, they intend to call as an expert witness, one Haig Neville of West Bloomfield, Michigan, an independent insurance agent specializing in risk management. According to plaintiffs, Neville will testify on errors and omissions of defendant Mixon and Burt relative to the insurance coverage Mixon and Burt provided and opine that Mixon and Burt breached the duties owed to plaintiffs.

 As earlier stated, defendants here have the burden of showing that plaintiffs have absolutely no possibility of recovering on their claim against Mixon and Burt. This burden is a heavy one and one not satisfied where simply the facts appear to preponderate on movants' side. The court must be satisfied that the facts do more than wound the plaintiffs' case, that instead the facts slay the plaintiffs' case under the applicable law. Defendants simply have not scaled their evidentiary mountain of showing that plaintiffs have absolutely no possibility of recovering on their claim against Mixon and Burt. *See Security Insurance Agency, Inc. v. Cox,* 299 So.2d 192, 194 (Miss.1974).

Accordingly, based upon the above analysis, this court hereby remands this lawsuit to the Circuit Court of Pike County, Mississippi.