741 So.2d 1011 (1999)
A.D. HUNT, Jr., Appellant,
v.
Henry B. COKER, Jr., Appellee.
No. 98-CA-00557-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*1012 Charles T. Yoste, Starkville, Attorney for Appellant.
Samuel E. Farris, Hattiesburg, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND LEE, JJ.
BRIDGES, J., for the Court:
¶ 1. A.D. Hunt, Jr. filed a lawsuit against Henry B. Coker, Jr. seeking specific performance, damages for breach of contract, punitive damages, and attorney's fees. The Chancery Court of Forrest County found that the contract failed for lack of consideration and dismissed the complaint. Aggrieved by this decision, Hunt appeals arguing that the trial court committed manifest error in finding that there was no enforceable contract between the parties. Finding no reversible error, we affirm.

FACTS
¶ 2. Coker is an insurance agent in Hattiesburg, Mississippi. He began his career *1013 in insurance in 1953, and in 1979, he started his own agency, the Coker Insurance Agency. Contemplating retirement, Coker began discussions with Hunt, a local insurance agent, about the possibility of selling the Coker Insurance Agency. In May of 1991, Coker had an attorney prepare a letter in the form of a "letter contract" which provided that Hunt would serve as agency office manager for the Coker Insurance Agency in consideration of being furnished office space and the obligation to purchase the agency on May 31, 1993. This document provided that the parties would keep their separate clients and accounts until the purchase date. The document also had a termination provision available to either party. Hunt refused to execute this agreement offered by Coker.
¶ 3. On November 1, 1991, the parties did execute a document styled "agreement". This document stated the desire of the parties to enter into a sale of the agency. This agreement provided that the purchase date would be May 1, 1993, and the document set forth the following three options for the purchase price: (1) forty-five percent of commissions of accounts that renew over five years, (2) forty percent of commissions of accounts that renew over six years, and (3) thirty-five percent of commissions of accounts that renew over seven years. The agreement provided that Hunt would consolidate his location with Coker as soon as possible with each party paying their own expenses and keeping their own accounts until the date of sale. The parties further agreed that Coker would purchase Hunt's accounts on his death or disability, and should Coker become disabled or die the date of sale would be advanced. The agreement did not designate Hunt as an office manager, nor did it designate Hunt duties in Coker's agency. The agreement also did not provide a termination provision prior to the date of purchase.
¶ 4. Upon execution of this agreement, Hunt relocated his agency to Coker's building. Both Coker and Hunt worked their own accounts, essentially operating separate businesses. The parties did broker policies together, but only when they needed the other's company lines. Unhappy with Hunt's work, Coker informed Hunt in November of 1992 that the offer to sell would not be honored. On April 7, 1993, Hunt's attorney wrote a letter to Coker stating Hunt's intention to purchase the Coker agency on May 1, 1993. Coker refused to sell his agency to Hunt, and on May 5, 1993, Hunt filed a lawsuit against Coker alleging breach of contract. The chancery court found that the terms of the sale were to be decided at a future time after a period of evaluation. The court found that there was no contract between the parties, and the document lacked sufficient assent and consideration to be enforceable. The chancellor dismissed the complaint. Feeling aggrieved, Hunt has perfected this appeal.

ARGUMENT AND DISCUSSION OF LAW

I. THE TRIAL COURT COMMITTED MANIFEST ERROR IN FINDING THAT THERE WAS NO ENFORCEABLE CONTRACT BETWEEN THE PARTIES.
¶ 5. Hunt argues on appeal that the agreement entered into on November 11, 1991, was an enforceable contract entitling him to specific performance. Hunt contends that both parties understood and agreed to the terms of the contract. Further, Hunt argues that there was sufficient consideration provided in the agreement. Hunt contends that the three options listed in the agreement were definite and specific as to the purchase price. Hunt argues that the purchase price was not vague or indefinite and easily ascertainable by the court since he had only to choose a purchase price from the terms of the contract. Coker argues that this is not an enforceable agreement. Coker contends that the agreement was vague and indefinite lacking any benefit to Coker or detriment to *1014 Hunt. Therefore, Coker argues that the contract fails for lack of consideration.
¶ 6. The Mississippi Supreme Court has stated that, on appellate review, a chancellor's findings of fact will not be disturbed if substantial evidence supports those factual findings. Brooks v. Brooks, 652 So.2d 1113, 1124 (Miss.1995) (citations omitted). The appellate scope of review is limited since the Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong or clearly erroneous, or if an erroneous legal standard was applied. Steen v. Steen, 641 So.2d 1167, 1169 (Miss.1994) (citation omitted). Simply stated, "[t]his Court will not hesitate to reverse a chancellor when his findings are manifestly wrong or when he has applied an erroneous legal standard." Mississippi Dep't of Human Serv. v. Marquis, 630 So.2d 331, 334 (Miss.1993) (citations omitted). This rule applies to factual situations and not questions of law, which require de novo review. Holliman v. Charles L. Cherry & Assocs., Inc., 569 So.2d 1139, 1145 (Miss.1990). The existence of a contract is a question of fact that is to be determined by a jury, or a trial judge when a trial is conducted without a jury. 75A Am.Jur.2d Trial § 791 (1991). In this case, the chancellor was to determine the existence of a contract, and he found that a valid contract did not exist between the parties. After a thorough review of the record in the present case, we agree with the chancellor that a valid contract did not exist between the parties.
¶ 7. The chancellor found that the agreement between the parties lacked sufficient assent and consideration to be enforceable. After reviewing the testimony and the evidence, the chancellor determined that Coker entered the agreement to observe Hunt working in the insurance field. The chancellor found that Coker watched Hunt for a year then decided that Hunt could not perform or produce. The chancellor ultimately concluded that the conduct and the intent of the parties amounted to an effort by Coker to sell his accounts in the future on terms to be decided in the future. The chancellor further noted that while Hunt intended to purchase Coker's accounts their agreement lacked sufficient specificity to grant specific performance.
¶ 8. The Mississippi Supreme Court has held that before a court may order specific performance of a contract, the contract must be sufficiently definite on material terms. Leach v. Tingle, 586 So.2d 799, 802 (Miss.1991), citing Duke v. Whatley, 580 So.2d 1267, 1272-1274 (Miss. 1991). A contract is sufficiently definite "if it contains matter which will enable the court under proper rules of construction to ascertain its terms." Id. If the contract is not sufficiently definite or specific, the court must find it unenforceable and deny specific performance. Id. If any essential terms are left unresolved, then no contract exists. Busching v. Griffin, 465 So.2d 1037, 1040 (Miss.1985). The purchase price is an essential term that must be stated with specificity or the contract fails. Leach, 586 So.2d at 803. In this case, the agreement set forth three options for the purchase price. The agreement fails to state what price would be paid over what term. The chancellor found that this agreement was a "contract to make a contract." Etheridge v. Ramzy, 276 So.2d 451 (Miss.1973). The chancellor also made the following findings:
In the instant case, the "Agreement" is more clearly supported by the testimony of the Defendant that the terms of the sale were to be decided at a later date after a period of evaluation and also based on the conduct of the parties in operating their separate agencies and by Plaintiff in vacating the premises when requested. Further, the instrument is vague, with the essential term missing as to who would decide what price would be paid over what term. Defendant also raises lack of definiteness in the agreement in failing to require the approval of clients and insurance companies, essential *1015 to the performance of the agreement.
¶ 9. As stated in Leach, a contract is unenforceable if its material terms are not sufficiently definite. Leach, 586 So.2d 799, 802. Hunt has stated that the contract is definite. He contends that there is sufficient consideration and that he had an option to choose a purchase price. Hunt has labeled the payment choices as "options," however, this agreement is not a true option contract as defined in 17A Am Jur 2d § 49 as follows:
"An option may be defined as an agreement by which one binds himself to perform a certain act, usually to transfer property, for a stipulated price within a designated time, leaving it to the discretion of the person to whom the option is given to accept upon the terms."
The parties never agreed on a stipulated price, and the agreement never designated Hunt as the party to choose the purchase price. According to the Restatement, Contracts 2d § 25, an option contract must meet the requirements for the formation of a contract. In this case, the options fail to form an "option contract" because each option in itself did not contain all the elements necessary to form a contract. Id. A valid contract must include the following essential elements: "(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." Lanier v. State, 635 So.2d 813, 826 (Miss. 1994). A contract must have mutual assent and consideration, and the options listed in the agreement did not have assent or consideration. Id. The agreement lists these three attempted purchase prices, but the parties never agreed or assented to which price would be used. Also, the agreement never stated who was to decide what price, nor did it state any dates for a payment term. Furthermore, the options also fail to form a contract because they lack sufficient independent consideration given for each option. Restatement, Contracts 2d § 87.
¶ 10. Although Hunt's agreeing to buy Coker's agency and relocating his office into Coker's building may be considered a benefit and detriment that constitutes sufficient consideration, there was no independent consideration given to each option. Furthermore, the agreement fails to form a contract because the material terms are vague and indefinite. Leach, 586 So.2d 799, 802. As Coker argues by citing Century 21 Deep South Properties, Ltd. v. Bobby Norris Keys, 652 So.2d 707 (Miss.1995), there is no way to tell from the provisions of this agreement what the parties intended. It is certain that the parties intended to consummate a sale of this agency on May 1, 1993. However, there is no specific purchase price, no mention of the necessary approval from the parties' insurance agencies, no mention of what contracts Coker was to assign to Hunt, and no termination clause. After reviewing the record and the chancellor's factual findings, we find that there is sufficient evidence to support the chancellor's decision. Brooks, 652 So.2d 1113, 1124. Although we found that the chancellor erred in determining there was no consideration to support the agreement, the contract still fails to meet the requirements of an enforceable contract. Therefore this error is harmless, and we find that there is no merit to this issue.
¶ 11. THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.