**Pauline JORDAN and Rosie L. Thompson Plaintiffs**

v.

**KMS, INC. d/b/a Van Trow Oldsmobile Company, General Motors Corporation, United Service Protection Corporation, American Bankers Insurance Company of Florida, Customized Auto Credit Services, Inc., and John Does I–X Defendants**

No. CIV.A. 3:01CV562WS.

United States District Court, S.D. Mississippi, Jackson Division.

Dec. 28, 2001.

Michael T. Jaques, Law Office of Michael T. Jaques, Jackson, MS, for Pauline Jordan, Rosie L. Thompson, plaintiffs.

James P. Streetman, III, Clark, Scott & Streetman, Jackson, MS, Rachel W. Ingram, Partnership for a Healthy MS, Jackson, MS, for KSM Inc., defendant.

Gene D. Berry, Heidelberg & Woodliff, Jackson, MS, for General Motors Corp., defendant.

Walter D. Willson, D. Stephen Brouillette, Jr., Wells, Marble & Hurst, Jackson, MS, for United Service Protection Corporation, American Bankers Insurance Company of Florida, defendants.

F. Douglas Montague, III, Montague, Pittman & Varnado, Hattiesburg, MS, for Customized Auto Credit Services, Inc., defendant.

## ORDER GRANTING REMAND

WINGATE, District Judge.

The defendants, General Motors Corporation ("GMC"), United Service Protection Corporation ("USPC"), and American Bankers Insurance Company of Florida ("American Bankers"), removed this case from the First Judicial District of the Circuit Court of Hinds County, Mississippi, to this court under the auspices of Title 28 U.S.C. § 1441[1] and § 1331,[2] alleging that this court has original diversity jurisdiction. This matter presently is before the

---

**1.** Title 28 U.S.C. § 1441(a) states in pertinent part: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending ...."

**2.** Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

court on the following motions: (1) the plaintiffs', Pauline Jordan's and Rosie L. Thompson's, motion to remand filed pursuant to Title 28 U.S.C. § 1447(c); [3] (2) defendants' American Bankers', GMC's, and USPC's combined motion for additional time to respond to plaintiffs' motion to remand for the purpose of conducting remand-related discovery; and, (3) defendants' USPC's and American Bankers' motion to dismiss filed pursuant to Federal Rule of Civil Procedure 4(m) [4] for failure of service of process. Defendant KMS, Inc., the in-state defendant whose presence destroys diversity jurisdiction, has not joined in any of the motions filed by its co-defendants.

· First, the court denies the defendants' motion for additional time to respond and to conduct remand-related discovery. This court is persuaded that this case is not a proper case in which discovery, particularly such broad discovery as the defendants here seek, should be allowed.

Secondly, on the record before it, this court finds meritless the defendants' allegation that defendant KMS, Inc., d/b/a Van Trow Oldsmobile Company ("KMS"), an in-state defendant whose presence would destroy diversity and therefore would deprive this court of jurisdiction, was fraudulently joined.

■ The plaintiffs' claims against KMS include breach of contract, breach of fiduciary duty, negligence and gross negligence, and misrepresentation and fraud.

To establish fraudulent joinder, the defendants bear the burden of demonstrating that the plaintiffs have no possibility of recovery against KMS on any of the claims alleged in the complaint under Mississippi law. *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir.1997); *Washington v. Direct Gen. Ins. Agency, Inc.*, 130 F.Supp.2d 820, 823 (S.D.Miss.2000); *Worldwide Mach. Sales, Inc. v. Ill. Cent. R.R. Co.*, 26 F.Supp.2d 900, 903 (S.D.Miss. 1998).

■ The court finds that the defendants have failed to meet this burden. The court concludes that, on the record before it and considering the plaintiffs' complaint, the plaintiffs have at least a possibility of recovery against KMS on their fraud and misrepresentation claim. The plaintiffs allege in their complaint that:

43. Specifically, in selling Plaintiffs the policy of insurance, and in investigating Plaintiffs' claim, Defendants failed to be truthful and candid with Plaintiffs. Specifically, Defendant KMS, Inc., acting for and on behalf of Defendant GMC, USPC, American Bankers and Customized Auto Credit, with the actual and apparent authority to do so, did misrepresent and/or conceal the extent of Plaintiffs' insurance coverage, in an effort to sell Plaintiffs the policy, and to increase its own financial reward, and to enrich itself and Defendant GMC, USPC, American

**3.** Title 28 U.S.C. § 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

**4.** Federal Rule of Civil Procedure 4(m) provides:

(m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the

filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Bankers, and Customized Auto Credit all to the detriment of Plaintiffs.

44. That the Defendants, including but not limited to KMS, Inc., made written and oral promises to the Plaintiffs which were contained within the written and oral presentations [sic] made to Plaintiffs and which were contained within the policies of insurance issued to them, to pay benefits in the event Plaintiffs' vehicle experienced a covered mechanical breakdown. That the Defendants made said promises with the intent that Plaintiffs act in reliance upon them. That the Plaintiffs relied on such promises and paid premiums thereon. That Plaintiffs specifically relied to their detriment on Defendant KMS, Inc.'s representation that mechanical problems with the engine were covered repairs within the meaning of the policy. That the Plaintiffs were unaware of the Defendants' intention not to perform and justifiably relied upon promises made by Defendants to her detriment.

Pl.'s Compl. at ¶¶ 43–44. These allegations are sufficient under Mississippi law to state a claim for fraud and misrepresentation. *See Braidfoot v. William Carey Coll.*, 793 So.2d 642, 652 (Miss.App.2000). To succeed on a claim of fraud, a party must show: (a) a material and false representation, (b) which is known by the speaker to be false, (c) and which is intentionally made to induce the hearer to act in reliance thereon, and (d) the hearer does act to his detriment in reasonable reliance on the false representation, and (e) the hearer consequently suffers an injury based on such reliance. *Id.* It is therefore not without possibility that the plaintiffs can recover against defendant KMS under Mississippi law.

Having determined that defendant KMS was not fraudulently joined, this court further finds that the presence of this in-state defendant deprives this court of diversity jurisdiction. The court accordingly grants the plaintiffs' motion to remand.

Finally, the court denies the defendants' motion to dismiss for failure to serve process under Federal Rule of Civil Procedure 4(m). At the outset, the court notes that such a motion would likely be denied for lack of merit inasmuch as defendant KMS, the only defendant which has not received service of process, has represented to the court that it and the plaintiffs agreed to a waiver of service of process and that it does not join the motion to dismiss. In any event, since this court has determined that remand is proper, this court believes this issue would be best addressed by the state court and defers to it.

Accordingly, this court hereby: (1) denies the defendants' motion for additional time to respond and to conduct remand-related discovery; (2) grants the plaintiffs' motion to remand; and (3) denies the defendants' motion to dismiss. This matter is therefore remanded to the First Judicial District of the Circuit Court of Hinds County, Mississippi.