**Pam PALMER, individually and on behalf of Black Palmer, a minor as next friend, and Justin Palmer, a minor as next friend Plaintiff**

v.

**SECURITY LIFE INSURANCE COMPANY OF AMERICA, American Administrative Group, Inc., and Mississippi Physicians Care Network Defendants**

**No. CIV.A. 301CV279WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 28, 2001.

Robert C. Boyd, Boyd & Akin, PLLC, Jackson, for Pam Palmer, individually and on behalf of Blake Palmer, a minor, as next friend, and Justin Palmer, a minor as next friend, plaintiffs.

Douglas J. Gunn, Patrick N. Harkins, III, Watkins & Eager, Jackson, Linda McMullen, Mississippi State Medical Association, Ridgeland, for Security Life Insurance Company of America, American Administrative Group, Inc., Mississippi Physicians Care Network, defendants.

### ORDER REMANDING CASE TO STATE COURT

WINGATE, District Judge.

Before the court is plaintiff Pam Palmer's motion to remand this cause to the Circuit Court of the First Judicial District of Hinds County, Mississippi, pursuant to Title 28 U.S.C. § 1447(c).[1] Plaintiff filed the subject lawsuit against defendants Se-

---

1. Title 28 U.S.C. § 1447(c) provides:
   (c) A motion to remand the case on the basis of any defect other than lack of sub-
ject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any

curity Life Insurance Company of America ("Security Life"), American Administrative Group, Inc. ("AAG"), and Mississippi Physicians Care Network, Inc. ("MPCN"), alleging breach of contract and tortious breach of contract arising from gross negligence under Mississippi state law. Defendants Security Life and AAG removed this matter to federal court arguing that this court has original diversity jurisdiction over this action pursuant to Title 28 U.S.C. § 1441(a)[2] and § 1332.[3] While defendant MPCN is a citizen of Mississippi for purposes of diversity and would thus ordinarily destroy diversity, the defendants argue that removal of this matter was proper because the plaintiff fraudulently joined MPCN to defeat diversity inasmuch as there is no possibility that plaintiff can recover against MPCN in state court. Therefore, the defendants argue, the court should ignore the citizenship of defendant MPCN in determining the existence of diversity jurisdiction. The court, having reviewed the parties' submissions, the relevant law, and the record as well as heard oral argument, is persuaded on the other hand that there is a possibility that the plaintiff has a viable state law cause of action against defendant MPCN. Accordingly, this court is without jurisdiction of this matter and it is remanded to state court for the reasons which follow.

## FACTUAL BACKGROUND

The plaintiff, Pam Palmer, and her stepsons, Justin Palmer and Blake Palmer, are covered as family members under an individual health insurance policy insured by defendant Security Life, effective May 25, 1997. Defendant AAG serves as the third party administrator for Security Life and defendant MPCN maintains a preferred provider network (PPO) for Security Life.

On or about June 1998, May 1999, June 1999, and December 1999, plaintiff and/or her stepsons received medical treatment for various illnesses and/or injuries for which the plaintiff incurred medical expenses. In total, five visits to various physicians for medical treatment are the subject of the plaintiff's complaint; two visits occurred in June of 1999. The aforementioned medical treatment was provided by Macon Primary Care, members of Rush Medical Group, and Riley Memorial Hospital, whom plaintiff claims are members of the PPO operated by MPCN on behalf of Security Life.

The plaintiff claims that these medical expenses were incurred while the insurance policy with Security Life was in full force and effect. The plaintiff further alleges that claims for benefits for the above

time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**2.** Title 28 U.S.C. § 1441(a) provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdic-

tion, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

**3.** Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States . . . .

medical expenses were submitted to the defendants or their agents for payment under the insurance policy. Those claims, plaintiff contends, were wrongfully denied in whole or part. The plaintiff's complaint alleges five counts of breach of contract, one count representing each of the five instances where the Security Life declined coverage for the medical expenses in whole or in part. The plaintiff's complaint further alleges that the "[t]he denial or failure to properly pay the claims for medical services mentioned herein constitute separate tortious breaches of contract, and/or intentional torts, and/or gross negligence equivalent to an independent or intentional tort, entitling Plaintiff to recover punitive damages for each separate breach of contract." Pl.'s Compl. at ¶ 14.

No federal question is presented on the face of the plaintiff's complaint; rather, the defendants allege that this court has diversity jurisdiction over this matter. The defendants allege that the plaintiff's complaint seeks the requisite amount in controversy and that there is diversity of citizenship between the proper parties. Although defendant MPCN is an in-state, or non-diverse, entity, and thus would destroy diversity of citizenship, the defendants argue that this court should ignore the citizenship of MPCN on the ground that it has been fraudulently joined for the purpose of defeating diversity. In other words, the defendants argue that there is no possibility that the plaintiff can state a claim against defendant MPCN under the laws of the State of Mississippi.

## APPLICABLE LAW

■ The party seeking to remove a case from state court to federal court must establish that the federal court has subject matter jurisdiction over the case. *Wheeler v. Frito–Lay, Inc.,* 743 F.Supp. 483, 484 (S.D.Miss.1990). To sustain removal of the instant case to federal court, the defendants must show that there is no possibility that the plaintiff would be able to establish a cause of action against defendant MPCN in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *Worldwide Mach. Sales, Inc. v. Ill. Cent. R.R. Co.,* 26 F.Supp.2d 900, 903 (S.D.Miss.1998). Having resolved all disputed factual questions and legal ambiguities in the plaintiff's favor, *see Madison v. Vintage Petroleum, Inc.,* 114 F.3d 514, 516 (5th Cir.1997), the court concludes that the defendants have failed to meet their burden of proof.

## ANALYSIS

The defendants argue that no contractual relationship exists between plaintiff Pam Palmer and defendant MPCN that would give rise to plaintiff's breach of contract action against defendant MPCN. The plaintiff argues, however, that regardless of the existence of a direct or express contractual relationship between defendant MPCN and the plaintiff, MPCN is liable to the plaintiff for its allegedly grossly negligent handling of the plaintiff's insurance claims. The plaintiff also relies on Mississippi Code Annotated § 83–17–1[4] and

4. Section 83–17–1 provides in pertinent part: Every person who solicits insurance on behalf of any insurance company, or who takes or transmits, other than for himself, an application for insurance or a policy of insurance, or who advertises or otherwise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, collect, or transmit any premium of insurance, or make or forward a diagram of any building, or do or perform any other act or thing in the making or consummation of any contract of insurance for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at

§ 83–18–1.[5]

The record reveals that MPCN contracted with defendant Security Life to provide a PPO consisting of health care providers who would provide services to Security Life insureds at a reduced rate. Under this contract, MPCN provided to the plaintiff, as a Security Life insured, a MPCN provider directory. The MPCN provider directory states that if the insured chooses a MPCN provider, the provider will file all claims for the insured, accept the insured's benefit payment, plus any deductible and co-insurance as payment in full for covered services, and not bill the insured for any amount above the rate negotiated with MPCN.

In part, the plaintiff argues before this court that MPCN is liable to plaintiff in contract because MPCN negligently failed to file timely claims submitted by certain MPCN providers on the plaintiff's behalf, which resulted in the denial of said claims by Security Life. (At least two of the five insurance claims at issue here were denied because they were submitted outside the claims period.) The plaintiff argues that MPCN, as an agent for Security Life,

owed plaintiff a duty to submit the claims to Security Life in a timely fashion. MPCN's grossly negligent failure to satisfy its duty, plaintiff contends, directly resulted in injury to plaintiff.

In support of her contention, the plaintiff submitted to the court a verified statement, as it relates to count four of the complaint, from Debra Raines, the supervisor for the insurance claims department in the office of Dr. Davenport at the Rush Medical Foundation. The plaintiff received medical treatment from Dr. Davenport, a MPCN provider, on June 3, 1999. Raines avers that Dr. Davenport's office mailed the claim for these services to MPCN on or about July 2, 1999. However, the claim for these services was denied as untimely, having been submitted over a year after the services were rendered. Plaintiff further contends, and has submitted documentation demonstrating, that Dr. Davenport, as well as the other physicians who rendered services, the claims for which were later denied in whole or part, sought to collect the unpaid sums directly from the plaintiff.[6]

---

the instance or request or by the employment of the insurance company, or of or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract.

5. Section 83–18–1 provides in pertinent part:

(a) "Administrator" or "third party administrator" or "TPA" means a person who directly or indirectly solicits or effects coverage of, underwrites, collects charges or premiums from, or adjusts or settles claims on residents of this state, or residents of another state from offices in this state, in connection with life or health insurance coverage or annuities . . . .

6. With respect to the documentation requested by the court and submitted by plaintiff

demonstrating that the physicians had pursued collection efforts against plaintiff, defendants contend that this court should disregard a verified statement submitted by the plaintiff. Plaintiff's verified statement provides, *inter alia*, that Dr. Davenport's office phoned plaintiff and requested that plaintiff personally pay the sums due and then get reimbursed from the insurance company. The plaintiff's verified statement further provides that, on or about June 12, 2000, the billing office for Dr. Davenport stated to plaintiff that she would be turned over for collection of the amount due.

The defendants claim that this verified statement should be stricken because it is outside the scope of the court's request for supplemental documentation and because it contains multiple instances of inadmissible hearsay. The court disagrees and denies the defendants' request to strike the verified statement.

According to defendants, it matters not that Dr. Davenport, and at least one other physician, has sought to collect unpaid medical expenses directly from the plaintiff. The defendants argue that the contract between MPCN and MPCN providers prevents the providers from seeking payment from the patient for expenses beyond the co-pay and deductibles. Moreover, the defendants argue, because there is no contractual relationship between the plaintiff and MPCN, even if the providers have sought to collect payment of medical expenses personally from plaintiff, the plaintiff has no recourse against defendant MPCN for the alleged injuries suffered.

■ "Section 83–17–1 is written in the broadest terms: it creates agency relationships where they would not exist at common law." *Mississippi v. Richardson*, 817 F.2d 1203, 1207 (5th Cir.1987). There is an arguable basis under the facts of this case to conclude that defendant MPCN is a statutory agent for defendant Security Life. By its own terms, section 83–17–1 applies to any person "who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, where any such acts shall be done at the instance or request or by the employment of the insurance company, or of or by any broker or other person . . . ." Miss.Code Ann. § 87–17–1. Here, defendant MPCN admittedly reprices benefits claims when it receives said claims from providers in its PPO network and transmits those claims to Security Life. Given the broad terms and interpretation of section 83–17–1, it is not without possibility that a court would determine that defendant MPCN, at the very least, "aids" Security Life in adjusting losses. The plaintiff therefore has a viable argument that defendant MPCN is a statutory agent for defendant Security Life.

■ While section 83–17–1 may provide the basis for finding an agency relationship between MPCN and Security Life, it does not automatically follow that MPCN is therefore liable to plaintiff in contract. Establishing an agency relationship between MPCN and Security Life will only allow the plaintiff to hold Security Life liable for the actions of MPCN. It, however, does not provide a legal basis for holding MPCN itself liable to plaintiff in contract. In order for liability to attach to MPCN, the plaintiff must either establish the existence of a contractual relationship between herself and MPCN or an independent tort committed by MPCN.

■ The court is not persuaded that there is no possibility that the plaintiff can recover against MPCN in contract. Defendant MPCN mailed directly to plaintiff the MPCN provider directory. The provider directory stated that if the plaintiff used a provider from the PPO, the MPCN provider would file the plaintiff's claim for the plaintiff and would not bill the plaintiff for expenses beyond the plaintiff's deductible and co-payment. The plaintiff thereafter used providers from the MPCN PPO and relied on the assertion in the MPCN provider directory that the MPCN provider would file the plaintiff's claim on her behalf.

■ A contract exists under Mississippi law where there are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) the parties have the legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation. *Hunt v. Coker*, 741 So.2d 1011, 1015 (Miss.Ct.App.1999). A trier of fact here could find that there were two contracting parties with the legal capacity to contract, that the agreement, if any, is sufficiently definite, and that there is no legal prohibition precluding the formation of a contract.

Moreover, the defendants seemingly do not challenge that a trier of fact could

conclude that there was consideration in this case. " 'All that is needed to constitute a valid consideration to support an agreement or contract is that there must be either a benefit to the promissor or a detriment to the promissee. If either of these requirements exist, there is a sufficient consideration.' " *Theobald v. Nosser,* 752 So.2d 1036, 1040 (Miss.1999). Here, it arguable that there was both a benefit to the plaintiff, i.e., not having to file the insurance claim herself, and a benefit to MPCN and the participating provider, i.e., increased business or a constant customer flow. There is therefore an argument that there is adequate consideration to support a contract in the instant case.

 The defendants' primary argument is that there was no mutual assent, i.e., no intent on the part of both MPCN and the plaintiff to be bound. This court, however, is not persuaded that the defendants have established as a matter of law that there was no mutual assent, particularly since the existence of a contract is generally a question of fact under Mississippi law. *See Hunt,* 741 So.2d at 1014 ("The existence of a contract is a question of fact that is to be determined by a jury, or a trial judge when a trial is conducted without a jury."). The court therefore concludes that it is not without possibility that the plaintiff can recover against defendant MPCN for breach of contract.

Furthermore, the plaintiff's complaint, while no claims are labeled as tort claims, expressly states that the defendants' conduct, including defendant MPCN, rises to the level of an independent tort. Obviously, with or without a contract, the plaintiff may state a claim against defendant MPCN for tortious conduct. Here, the plaintiff alleges that defendant MPCN was negligent in processing or filing claims on her behalf. She alleges that MPCN, on at least two occa-

sions, with gross negligence, malice or with willful, wanton and reckless disregard for the rights of the insured, failed to timely file claims, in accordance with the duty it owed to the plaintiff, after the claims had been submitted. Plaintiff further claims that she suffered injury as a result of defendant MPCN's negligence. Based on the present facts, the court cannot say that there is no possibility that the plaintiff can recover against defendant MPCN in tort.

## CONCLUSION

For the foregoing reasons, the court concludes that the defendants have failed to establish that there is no possibility that the plaintiff can recover against defendant MPCN in Mississippi state court. Having failed to establish that the in-state defendant, MPCN, who destroys diversity of citizenship, was fraudulently joined, the defendants have failed to establish that this court has original diversity jurisdiction over this matter. This court is accordingly without jurisdiction and remands this cause to the Circuit Court of the First Judicial District of Hinds County, Mississippi.