BRIDGES, P.J.,
for the Court.
¶ 1. On December 13, 2002, Curtis Glin-sey sued John Newson in the Coahoma County Circuit Court. Glinsey alleged that Newson committed a breach of contract. Newson answered and finally filed a motion to dismiss on January 5, 2004. The circuit court considered matters outside the pleadings and, accordingly, treated Newson’s motion to dismiss as a motion for summary judgment. Following a hearing, the circuit court granted summary judgment in Newson’s favor. Aggrieved, Glinsey appeals and alleges that the circuit court erred in granting summary judgment because of the existence of genuine issues of material fact. Finding no error, we affirm.
FACTS
¶ 2. Glinsey and Newson have the same father, but different mothers. Together, they maintained construction, plumbing, and real estate businesses under the name Glinsey-Newson, as well as a residential neighborhood called “Glinsey-Newson Cove” in Clarksdale, Mississippi.
¶ 3. Around January of 1998, the United States Attorney charged Glinsey with illegally purchasing food stamps, among other charges. Glinsey eventually entered a guilty plea, but he attempted to liquidate some of his assets and arranged for the care of his family and property before he pled guilty. To that end, Glinsey allegedly entered a contract with Newson. Though Glinsey has never produced a written contract, Glinsey alleged that the entire contract was made up of a combination of a written contract and at least one oral contract.[1] According to Glinsey, the contract provided that Newson would manage Glin-sey’s real and personal property in exchange for Glinsey’s guilty plea. Additionally, the contract provided that Newson would return Glinsey’s property when Glinsey was released from federal prison.
¶ 4. In June of 1999, Glinsey went before the United States District Court and pled guilty to charges of conspiracy to commit food stamp fraud, illegal acquisition of food stamps, food stamp fraud, and attempting to use physical force against a witness to prevent the witness’s testimony. As a result, the U.S. district court sentenced Glin-sey to fifty-one months in the federal penitentiary.
*663 ¶ 5. On April 29, 2002, Glinsey was released from federal prison. Glinsey eventually filed his complaint in the circuit court and alleged that Newson breached their contract when he failed to keep the mortgage payments on Glinsey’s property current and also failed to return Glinsey’s personal property. As mentioned, the circuit court granted summary judgment in Newson’s favor. Glinsey appeals.
STANDARD OF REVIEW
¶ 6. This Court conducts a de novo review of orders granting or denying summary judgment. Rush v. Casino Magic Corp., 744 So.2d 761(¶ 5) (Miss.1999). Accordingly, we are bound by the same mandate as the circuit court. Id. Summary judgment is proper if “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact.” M.R.C.P. 56(c). For summary judgment purposes, a fact is “material” if it tends to resolve any of the issues properly raised by the parties. Webb v. Jackson, 583 So.2d 946, 949 (Miss.1991). When considering a motion for summary judgment, a trial court must view the sources listed above in the light most favorable to the non-moving party. Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983). A mere allegation by the non-moving party that a dispute over whether a material fact exists will not defeat a movant’s otherwise properly supported motion for summary judgment. Reynolds v. Amerada Hess Corp., 778 So.2d 759, 765(¶ 27) (Miss.2000). A summary judgment motion should be denied unless a court finds, beyond a reasonable doubt, that the plaintiff would be unable to prove any facts to support his claim. Rush v. Casino Magic Corp., 744 So.2d 761(¶ 6) (Miss.1999). Said another way, a court should grant a summary judgment motion if the court finds, beyond a reasonable doubt, that the plaintiff would not be able to prove any facts to support his claim. E.g., id.
ANALYSIS
I. DID THE TRIAL COURT ERR WHEN IT GRANTED SUMMARY JUDGMENT IN NEWSON’S FAVOR?
¶ 7. Glinsey claims that the trial court erred by granting summary judgment. Glinsey claims that genuine issues of material fact exist. Despite his contention, Glinsey’s pro se brief focuses more on the circuit court’s reasoning in granting summary judgment, rather than detailing the presence of genuine issues of material fact. Glinsey’s only argument for the existence of issues of material fact is his statement “[t]he Complaint by itself put forward genuine issue[s] of material facts.” Further, Glinsey states that a genuine issue of material fact exists because “[New-son’s counsel] stated ... that this case was an issue for the jury [because] ‘Glinsey says one thing and Newson says another.’ ” As stated, an allegation by the non-moving party that a dispute over whether a material fact exists will not defeat a movant’s otherwise properly supported motion for summary judgment. Reynolds, 778 So.2d at (¶ 27). As such, Glinsey’s allegation that a material fact exists is insufficient to reverse the circuit court’s decision.
¶ 8. Still, the majority of Glinsey’s brief focuses on the circuit court’s basis for granting summary judgment. The circuit court granted summary judgment based on (1) lack of consideration for the alleged contract, (2) the alleged contract would be void under the statute of frauds, and (3) res judicata. As Glinsey attacks each basis, we address them in turn.
*664 1. Consideration
¶ 9. The circuit court noted that, according to Glinsey, Newson agreed to handle Glinsey’s affairs in consideration of Glinsey’s guilty plea to the food stamp charges. Glinsey claimed that his guilty plea benefitted Newson in that it prevented Newson from having to pay Glinsey’s legal expenses and prevented further embarrassment to the family. However, Newson pointed to Glinsey’s deposition. In Glinsey’s deposition, Glinsey stated that part of the bargain was that he would not implicate Newson in the food stamp fraud. Having noted such, the circuit court stated that “an agreement to obstruct justice would be for an illegal purpose and would not provide the basis for a legally enforceable contract.”
¶ 10. Further, the circuit court stated that Newson “was never legally obligated to pay for Glinsey’s legal expenses, so [Glinsey’s] contention that his pleading guilty would relieve [Newson] from that obligation does not provide adequate consideration.” Finally, the circuit court held that “preventing further embarrassment to a person or a person’s family is likewise not adequate consideration.”
¶ 11. Glinsey offers a vague argument. First, Glinsey cites a definition of consideration taken from Black’s Law Dictionary. That definition states that consideration is “something of value (such as an act, a forbearance, or a return promise).” Following that statement, Glinsey argues that “[i]t is apparent that [Newson] did received [sic] something of value, and the only dispute is how much did he received [sic] [Newson] has attempted to fulfill portions of the contract he made monetary payments and on at leas[t] (4) occasions he has attempted to return personal property to [Glinsey].” Then, Glinsey claims “[t]he existence of a contract is a question of fact for the jury, or trial judge when a trial is conducted without a jury.” Hunt v. Coker, 741 So.2d 1011 (Miss.Ct.App.1999).
¶ 12. That is Glinsey’s entire argument on consideration. However, Glinsey goes on to state that “the [circuit court’s] argument on this point is vague and indefinite, therefore absent any of confession from [Newson] declaring that he entered into an illegal contract basic [sic] on illegal acts there is nothing to support this point. [Newson] has not made any admission therefore there is no basic [sic].”
¶ 13. Newson argues that the circuit court was correct in finding a lack of consideration. Newson also states that the Mississippi Supreme Court will not enforce a contract if the principle purpose of the contract directly furnishes aid and protection to an illegal enterprise, or if the party seeking to enforce the contract must base his or her cause of action on his or her own illegal act, or if the contract itself is unlawful. Martin v. Estate of Martin, 599 So.2d 966 (Miss.1992). We agree. Accordingly, we affirm the circuit court’s decision.
2. Statute of Frauds
¶ 14. The circuit court held that the alleged contract between Glinsey and Newson violated Mississippi’s Statute of Frauds for several reasons. First, Section 15-3-l(c) of the Mississippi Code requires that any agreement for the sale of land, or for the leasing thereof for a term of longer than one year must be in writing. Miss. Code Ann. § 15—3—1(c) (Rev.2003). Noting Glinsey’s claim that he deeded various pieces of real property in consideration for Newson’s taking care of that property while Glinsey was incarcerated, the circuit court held that there is no evidence of any writing between the parties evidencing this agreement for the transfer of the real property.
*665 ¶ 15. Second, the circuit court quoted Section 15-3-l(d)’s requirement that any agreement that cannot be performed within fifteen months be evidenced by a writing. Miss.Code Ann. § 15-3-l(d). Accordingly, the circuit court held that Glinsey knew he would be incarcerated more than fifteen months and that New-son would have to perform for more than fifteen months. Further, the circuit court held that the contract would have to be in writing. Due to the lack of a writing, the circuit court held that the contract violated the statute of frauds. We agree. This issue is meritless.
CONCLUSION
¶ 16. Glinse/s brief also contains an allegation that the circuit court improperly applied the doctrines of res judicata. Having found that the circuit court properly granted summary judgment and properly applied both the lack of consideration and the statute of frauds, the propriety of the circuit court’s application of res judicata is irrelevant. Even if we found that the circuit court improperly applied the doctrine of res judicata, our previous findings demand that we affirm the circuit court’s decision to grant summary judgment in Newson’s favor.
¶ 17. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. Glinsey claims Newson took the only copy of the written contract from Glinsey’s safe.